## WHITE *v.* DIRKS.

1. DEPOSITIONS—JUDICIAL PROCESS.

    The deposition is an arm of the judicial process, and is unlike an ordinary statement secured from a witness.

2. SAME—NOTICE—CROSS-EXAMINATION.

    Deposition should be rejected which has been taken in disregard of the substantial rights of a party, as, for example, where proper notice has not been given a party that the deposition was to be taken, and where the adverse party has been deprived of his right of cross-examination through no fault on his own (GCR 1963, 306.1).

3. SAME—COURT RULES—PROCESS—CONTEMPT.

    Court rules are replete with methods of enforcement of the depositional process, for the subpoena power and for contempt orders and other remedies (GCR 1963, 305.1, 313).

4. SAME—ADMISSIBILITY—CROSS-EXAMINATION—NOTICE.

    A deposition is not inadmissible on the ground of lack of opportunity to cross-examine, when the adverse party had notice of the taking of the deposition (GCR 1963, 306.1).

5. SAME—IMPERMISSIBLE USE—EX PARTE TAKING.

    The deposition, as a useful tool in the legal process, should not be open to impermissible use nor to any suggestion that it may be taken *ex parte*.

REFERENCES FOR POINTS IN HEADNOTES

[1] 23 Am Jur 2d, Depositions and Discovery §§ 1, 2.
[2] 23 Am Jur 2d, Depositions and Discovery §§ 34, 36, 50.
[3] 20 Am Jur 2d, Courts §§ 82, 84.
 23 Am Jur 2d, Depositions and Discovery §§ 53, 54.
[4] 23 Am Jur 2d, Depositions and Discovery §§ 34, 50, 121.
[5] 23 Am Jur 2d, Depositions and Discovery § 34.
[6] 23 Am Jur 2d, Depositions and Discovery §§ 99, 112, 121.
[7] 23 Am Jur 2d, Depositions and Discovery §§ 34, 99, 103.

6. SAME—ADMISSIBILITY—DISCRETION OF COURT—IRREGULARITY—
    SUBSTANTIAL RIGHTS.

> A court may, in its discretion, admit a deposition although there
> has been some irregularity in the taking of it, but a deposi-
> tion which has been taken in disregard of substantial rights
> of a party should be excluded.

7. SAME—ADMISSIBILITY—NOTICE.

> Use of a deposition for purpose of impeaching a witness where
> the deposition was not offered in evidence *held*, improper,
> where the deposition was taken without notice to one party
> (GCR 1963, 306.1).

Appeal from Kalamazoo; Fox (Raymond W.), J.
Submitted Division 3 October 6, 1966, at Grand
Rapids. (Docket No. 1,610.) Decided December
22, 1966. Rehearing denied February 2, 1967.
Leave to appeal granted by Supreme Court April
12, 1967. See 379 Mich 758, 380 Mich 1.

Complaint by Theodosia White, individually and
as administrator of estate of Francis A. White, de-
ceased, against Chester H. Dirks, Edward K. Corn-
hill, and William H. Wesler for wrongful death of
her decedent resulting from an automobile collision
allegedly caused by negligence of defendants. Cross-
claim by Edward K. Cornhill against Chester H.
Dirks and William H. Wesler for personal injuries
sustained in the same collision. Defendant Wesler
was granted a directed verdict on the complaint and
he was voluntarily dismissed as to the cross-claim.
Judgment for plaintiff on the complaint and judg-
ment of no cause of action on the cross-claim.
Defendant Cornhill appeals. Affirmed as to the
judgment for plaintiff. Reversed as to the cross-
claim and remanded for new trial.

*Dalm & Dalm (Jacob A. Dalm, Sr.,* of counsel),
for plaintiff.

*Howard & Howard (William J. Howard,* of coun-
sel), for defendant Dirks.

*Troff, Lilly, Bonow, Piatt & File (Terrence J. Lilly, of counsel)*, for defendant Cornhill.

FITZGERALD, J. The statement of facts, having been agreed upon in substance by both appellant and appellees, may be abridged to provide the following essential details:

The precursor of this appeal is a fatal automobile accident occurring on August 10, 1963, in Kalamazoo county. The participating drivers were Mabel Rathbun, operator of a Chevrolet automobile in which plaintiff's deceased was riding; Chester H. Dirks, who was the operator of a Ford; Edward K. Cornhill, operator of a Cadillac; and William Wesler, operator of a Ford Thunderbird.

Plaintiff, individually and as administratrix of the estate of Francis A. White, commenced suit in the Kalamazoo county circuit court against Chester H. Dirks, Edward K. Cornhill, and William H. Wesler.

Defendant Cornhill filed a cross-claim against defendants Dirks and Wesler, claiming joint negligence on their parts, which resulted in consequential personal injuries. Defendant Wesler was granted a directed verdict at the close of plaintiff administratrix' proofs, and was voluntarily dismissed by the cross-plaintiff Cornhill following opening statements.

Trial in this matter was commenced on January 19, 1965, on both plaintiff's complaint against Edward Cornhill, William Wesler, and Chester H. Dirks, and on the cross-claim of Edward Cornhill against William Wesler and Chester H. Dirks. On January 22, 1965, the jury returned a verdict in the sum of $12,000 against the defendants Dirks and Cornhill, and a verdict of no cause for action on the cross-claim of Edward Cornhill against

Chester Dirks. Judgments were duly entered upon the verdicts of the jury.

As previously stated, the defendant Wesler was voluntarily dismissed by the cross-plaintiff Cornhill, and was granted a directed verdict on the complaint of plaintiff's administratrix. Cross-plaintiff and defendant Cornhill's motion for judgment notwithstanding the verdict or a new trial was subsequently denied by the trial court, and claim of appeal was filed on December 10, 1965.

Appellant Cornhill assigns a number of errors in his appeal relative to the trial court's failure to grant a directed verdict, the weight of evidence, instructions to the jury, and the use of the statutory mortality tables.

Chief and most persuasive assignment of error is the trial court's allowance of defendant Dirks to cross-examine appellant's witness, William Wesler, for the purposes of impeachment from a pretrial deposition taken from Wesler when appellant Cornhill had not received notice of the taking thereof as required by GCR 1963, 306.1.

On the trial of the cause and when the deposition was suggested as a means of impeaching the witness, the following colloquy took place:

"*Q.* Now, you didn't actually see any contact between the Cornhill car and the Rathbun car at all, did you?

"*A.* I seen the collision when they hit.

"*Q.* Well, you did give a deposition in this case on the 20th of November of 1964, over in Mr. Gemberling's office, and you—

"*Mr. Field.* Your Honor, it is necessary for me to object at this point. This counsel is attempting to now pursue a deposition which he took of this man, and he never gave this plaintiff any notice. I maintain his taking depositions without giving parties notice of the taking of the deposition renders

any of the contents beyond the scope of any discovery.

"*Mr. Howard.* I don't think that is so, Your Honor. I think notice was given, and certainly the people who were there—

"*Mr. Field.* Will you swear that notice was given?

"*Mr. Howard.* —were Mr. Wesler and his lawyer, myself and Mr. Dalm.

"*Mr. Field.* Will you under oath say that you gave me notice or Mr. Lilly notice?

"*Mr. Howard.* If counsel would address the court.

"*Mr. Field.* All right, I've got my answer.

"*Mr. Howard.* I have no wish to engage in verbal exchanges with counsel.

"*The Court.* I understood you to say that you had given all counsel notice including Mr. Lilly and Mr. Field? There is no indication of any appearance by them.

"*Mr. Howard.* That doesn't make the statement of the man inadmissible. And he was represented by his attorney."

Later, after a recess, the court ruled that the deposition might be used, as follows:

"*The Court.* Mr. Howard, I will permit you to inquire as to any prior inconsistent statement you claim this witness may have made.

"*Mr. Field.* And may my objection be considered a continuing one, Your Honor?

"*The Court.* Yes.

"*Mr. Howard.* If the Court please, so much time has passed since I was interrupted in my cross-examination that I believe I will have to ask the reporter if he would find that place and read the questions up to that to me so I may continue logically. Would you do that, please?  *  *  *

(Whereupon, Mr. Howard and the court reporter went into the court's chambers and after a few minutes returned.)

"*Mr. Howard.* We have found the question which I think was the foundation, and I think that I ought to be able to challenge him as to that. It has no reference to—I just want the question and the answer, and then I can question him about any other statement contrary—which was made to the contrary.

"*The Court.* I indicated yes, that you could.

(Whereupon, the court reporter read as follows:

"Question. 'Now, you didn't actually see any contact between the Cornhill car and the Rathbun car at all, did you?' Answer. 'I seen the collision when they hit.')

"*The Court.* All right.

"*Q.* (*By Mr. Howard*) Now, on the 20th of November, 1964, in the presence of your lawyer and in my presence and the presence of Mr. Dalm, weren't you asked this question and didn't you give this answer: Question. 'But from your own observation you didn't see the Cornhill car either move forward into collision with the Rathbun car or see the Rathbun car hit the Cornhill car when the Cornhill car was standing still, you have no observation either way on that?' Answer. 'No; it just happened too fast to see.' Wasn't that question asked of you and that answer made by you in the presence of those gentlemen?

"*A.* Yes.

"*Q.* Now, you continued driving forward to the east following this Chevrolet car approaching the place where the collision occurred without applying your brakes, I believe you said, continuing at the same speed until something happened. What was it?

"*A.* A collision between the Cornhill car and the Rathbun car.

"*Q.* And you then applied your brake promptly?

"*A.* Yes."

. It is appellant's contention that GCR 1963, 306.1 requires that he have been given notice of the

deposition and that failure to do so renders the use of the deposition for impeachment purposes error. The pertinent portion of the court rule is as follows:

"Unless otherwise provided for by stipulation in writing or on the record, the party desiring to take the deposition of any person upon oral examination in accordance with subrule 302.1 shall give reasonable notice in writing to every other party to the action."

The use to be made of a deposition, plaintiff contends, is limited by the provisions of GCR 1963, 302.4, containing the following requirements:

"At the trial, or upon the hearing of a motion, or an interlocutory proceeding, any part or all of the deposition so far as admissible under the rules of evidence, *may be used against any party* who was present or represented at the taking of the deposition, or *who had due notice thereof,* in accordance with any 1 of the following provisions:

(1) Any deposition may be used by any party for the purpose of impeaching the testimony of deponent as a witness." (Emphasis supplied.)

In ruling on appellant's motion for a new trial, the court incorporated the following in its opinion:

"Error is alleged in the court's permitting defendant Dirks to use the deposition of William Wesler, a witness proffered by cross-plaintiff and defendant Cornhill, even though Cornhill did not have due notice of the taking of said deposition. * * *

"It is the opinion of the court that the deposition of William Wesler was not 'used' within the meaning of the rule. No greater use of the deposition was made by counsel than could be made of any written statement or oral statement taken from a witness. The deposition was not offered in evidence, but the court permitted the questioning of Wesler 'as to any prior inconsistent statement' which it was claimed

Wesler may have made, whether the same was made as a part of a deposition or in any other manner. The court finds no error in this ruling."

We cannot agree that the deposition at hand was not "used" within the purview of the court rule, nor can we agree that it equates with any prior inconsistent statement. The deposition is an arm of the judicial process, unlike an ordinary statement secured from a witness. Our court rules are replete with methods of enforcement of the depositional process, for the subpoena power (GCR 1963, 305.1) and for contempt orders and other remedies (GCR 1963, 313).

The general rule when depositions are involved and in a situation such as is presented to us here should, we feel, be as stated in 26A CJS, Depositions, § 93, p 446:

"There is good reason, however, for rejecting a deposition which has been taken in disregard of substantial rights, as, for example, where proper notice has not been given that the deposition was to be taken, and where the adverse party has been deprived of his right of cross-examination through no fault of his own. However, it has been held that a deposition is not inadmissible on the ground of lack of opportunity to cross-examine, when the adverse party had notice of the taking of the deposition."

It is patent on the record that appellant here had no notice of the taking of the deposition to say nothing of an opportunity to cross-examine, and we cannot equate it to an ordinary out-of-court statement. To do so would be to sanction it under court rules which specifically provide for notice and the manner in which such a deposition may be used. The deposition, as a useful tool in the legal process, should not be open to impermissible use nor to any suggestion that it may be taken *ex parte*.

The contention is made that *Schwartz* v. *Triff* (1965), 2 Mich App 379, holds that a party having the right to cross-examine has a right to draw out from a witness anything tending to contradict or otherwise weaken his testimony. We do not see that this case is applicable to the case at bar. The questions in *Schwartz* came from medical reports, not a document such as we have before us.

The suggestion is also made that the fact that no attempt was made to offer the deposition into evidence renders cross-examination from it permissible. This again does not cure what was substantially a defective deposition. We prefer the view in the further statement in CJS, *supra,* "Although there has been some irregularity in the taking of a deposition the court may, in its discretion admit it; but a deposition which has been taken in disregard of substantial rights should be excluded." This policy, we feel, should extend not only to the use of the deposition in the proceedings for testimonial purposes, but for use such as attempted in the instant case.

Other errors assigned by appellant need not be considered on the basis of our holding relative to the use of the deposition.

Verdict as to appellee White affirmed, it appearing that the error committed had no substantial effect on that verdict. Reversed and remanded for a new trial as to appellant Cornhill's cross-claim against defendant-appellee Dirks.

Costs to appellant, taxed against appellee Dirks.

BURNS, P. J., and T. G. KAVANAGH, J., concurred.