CADY *v.* DOXTATOR.

1. EVIDENCE—AUTOMOBILES—PRINCIPAL AND AGENT.

In a negligence action where the plaintiff charged that defendant's servant negligently collided with and damaged his automobile, and the defendant contended that the driver was not in his employ and used the car without the consent or knowledge of such owner, evidence was admissible to show that the defendant had in a previous suit against plaintiff for the same collision averred in his declaration that he, by his agent or servant, was in charge of the car when the collision took place.

2. SAME—ADMISSIONS—IMPEACHMENT—DISTINCTION.

It was also competent to show as an admission that the defendant testified on the previous trial that the driver was in his employ and the evidence was not necessarily impeaching testimony such as would require the laying of a foundation to impeach the party testifying.

3. SAME—AGENCY—DIRECTING VERDICT.

And the evidence conflicting, the question of agency was one of fact and the trial court properly refused to direct a verdict for defendant.

Error to Wayne; Hally, J. Submitted June 15, 1916. (Docket No. 136.) Decided September 26, 1916.

Case by Guy B. Cady against Charles H. Doxtator and another for damage to plaintiff's automobile. Judgment for plaintiff. Defendant brings error. Affirmed.

*W. C. Gottman,* for appellant.

*Louis C. Wurzer,* for appellee.

BIRD, J. On Sunday evening, November 8, 1914, plaintiff's automobile was standing in front of his residence in the city of Detroit. While in that position it was run into and damaged by defendant Doxtator's automobile. Doxtator was not with his automobile at the time. It was being driven by his brother-in-law, Harry Benzing, who resided with him, and was in his employ, and who is also made a defendant. It is the claim of defendant Doxtator that defendant Benzing was at the time driving his automobile without his knowledge or consent. Judgment having passed against the defendant in both the justice's and circuit courts, defendant Doxtator assigns error. The questions which he raises are those relating to the authority of his brother-in-law to possession of the car on the occasion in question.

1. To establish the liability of defendant Doxtator, plaintiff offered the declaration in a previous case in which Doxtator sued him for damages to his car on account of the same accident, alleging that Cady was remiss in his statutory duty to maintain lights on his car. The portion of the declaration which was admitted over defendants' objection is as follows:

"By means and in consequence of which wrongful and negligent acts of said defendant afterwards, to wit, upon the night of, to wit, the 8th day of November, 1914, while the said plaintiff by his agent and servant was in the lawful possession of said car, the said plaintiff was a lawful traveler by motor vehicle, to wit, an automobile, belonging to the said plaintiff upon the said street," etc.

The admission of this pleading is urged as error, because the former action was brought under the city ordinance, and therefore was immaterial.

The case in which the declaration was filed was between the same parties, concerning the same subject-matter, and involving the same controversy as to which party was at fault for the collision. Under the general rule this pleading was properly received as an admission, if it can be said that Doxtator, on whose behalf it was made, directed it to be made, or afterwards sanctioned it. 1 R. C. L. p. 499. We must presume that Doxtator sanctioned the statements contained in the allegation, as he testified in that trial in support of them. No error was committed in receiving it.

2. Plaintiff also produced several witnesses who were present at the former trial, and showed by them that defendant Doxtator, who was the plaintiff therein, testified that Benzing was driving his car with his knowledge and consent, and as his agent and servant. This testimony was admitted over defendant's objection that said "testimony could only be admitted as impeaching evidence." Doxtator was at the time giv-

ing testimony in his own behalf, and was a party to the record, and is also a party to this suit. The testimony was offered as an admission. As such it was admissible (*Merrill* v. *Leisenring*, 166 Mich. 219 [131 N. W. 538]) ; and it was unnecessary to lay the foundation for an impeachment before showing it. *Churchill* v. *White*, 58 Neb. 22 (78 N. W. 369, 76 Am. St. Rep. 64) ; *Owens* v. *Railroad Co.*, 95 Mo. 169 (8 S. W. 350, 6 Am. St. Rep. 39) ; *Bullard* v. *Bullard*, 112 Iowa, 423 (84 N. W. 513).

The rule counsel contends for is applicable where it is sought to show that a witness made previous inconsistent statements, but it has no application where it is sought to show admissions by the parties to the record.

We are of the opinion that no construction of the statute is necessary. The question as to whether Benzing was operating the car at the time with Doxtator's knowledge and consent was purely a question of fact, and under the testimony was very properly submitted to the jury.

The judgment of the trial court is affirmed, with costs to the plaintiff.

STONE, C. J., and KUHN, OSTRANDER, MOORE, STEERE, BROOKE, and PERSON, JJ., concurred.