## SELPH v. EVANOFF

1. EVIDENCE—PLEADINGS—SEPARATE ACTION—ADMISSIBILITY.
   Pleadings from another action are, as a general rule, admissible
   insofar as they are relevant and not within the realm of
   hearsay.

2. EVIDENCE — PLEADINGS — SEPARATE ACTION — CREDIBILITY —
   DAMAGES.
   Allowing references to the pleadings from a separate and distinct
   automobile accident case made by the plaintiff in the auto-
   mobile negligence case at bar and to the other automobile
   accident itself was not error where the jurors were instructed
   that the references had no bearing on the question of liability
   in the case at bar, but that they could consider the references
   in deciding damages and the witness's credibility.

3. PLEADINGS—TRIAL—EXPLANATION—ATTORNEY TESTIFYING.
   A court is not obligated to allow an attorney to take the stand
   to explain his client's pleadings.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2]  29 Am Jur 2d, Evidence § 695.
[3-5]  58 Am Jur, Witnesses § 152.
[6]  38 Am Jur, Negligence § 50.
[7]  53 Am Jur, Trial §§ 555, 676, 680.

4. Pleadings—Trial—Explanation—Attorney's Testifying.

Refusal to allow plaintiffs' attorney to take the stand in order to explain the practical aspects of his clients' pleadings was not reversible error even though references to pleadings from a separate lawsuit had been allowed and those pleadings, if the jury so chose, might reflect on the credibility of the attorney's clients where the jury was instructed as to the proper use of the pleadings from the other action and the attorney was allowed to comment on the pleadings during closing argument.

5. Attorney and Client—Attorney Testifying.

A traditional dislike of an attorney's taking the stand in his client's case exists.

6. Negligence—Proximate Cause—Definition.

The proximate cause of an injury has been defined as that which in a natural and continuous sequence, unbroken by any new independent cause, produces injury and without which such injury would not have occurred.

7. Trial—Instructions to Jury—Burden of Proof.

A trial court, in a civil case, is not required to instruct the jury on the difference between the preponderance of the evidence in a civil case and the burden of proof in a criminal case; the trial court is required only to make clear the burden of proof.

Appeal from Macomb, George R. Deneweth, J. Submitted Division 2 November 4, 1970, at Lansing. (Docket No. 7,518.)   Decided November 30, 1970.

Complaint by Guy Selph and Matilda Selph against Janet Evanoff and Samuel Evanoff for damages for injuries in an automobile accident.   Judgment on a jury verdict of no cause of action for defendants.   Plaintiffs appeal.   Affirmed.

*Robinson & Weingarden,* for plaintiffs.

*Davidson, Gotshall, Halsey, Kohl, Nelson, Secrest & Wardle,* for defendants.

Before: BRONSON, P. J., and FITZGERALD and CHURCHILL,* JJ.

FITZGERALD, J.  Plaintiffs Guy Selph and Matilda Selph appeal as of right from a judgment for defendants Janet Evanoff and Samuel Evanoff on a jury verdict of no cause for action.

On February 24, 1965, Mrs. Matilda Selph was driving east on Twelve Mile Road in Macomb County.  It was approximately 6 p.m. and the weather was bad.  Defendant Janet Evanoff was driving west on the same road.  As the two automobiles approached each other, Mrs. Evanoff's car crossed the center line of the road and the two vehicles collided.

On August 22, 1966, plaintiff Matilda Selph was involved in an accident with another party, unrelated to this action.

On December 21, 1967, plaintiffs brought this action against defendants Evanoff for injuries sustained in the February 1965 accident.  Another suit was also commenced for injuries arising out of the August 1966 accident.

During the course of the trial of the instant case, reference was made to the other accident as well as to the other lawsuit, which at that time was still pending.  The trial court, despite plaintiffs' objections, ruled that such questioning was proper.

Plaintiffs raise several allegations of error, the first of which concerns the admission into evidence of certain allegedly extrinsic and prejudicial material.  Plaintiffs contend that the trial court erred in permitting defendants' counsel to use allegations from the pleadings of the second action to impeach plaintiff's credibility in the instant case.

The record in the present case reveals that during direct examination Matilda Selph testified that she

---

* Circuit judge, sitting on the Court of Appeals by assignment.

had been involved in two separate accidents. Subsequently, when cross-examined by defendants' counsel, her testimony revealed that there was then pending a separate lawsuit arising out of the second accident. Objection was made, but the court ruled that "it goes to credibility". Plaintiff further testified under cross-examination that there was not a severe impact in the second accident. Defendants' attorney then read from plaintiff's deposition which showed that she had answered "yes" in response to the same question. During the trial, plaintiffs' counsel himself made reference to the complaint from the second action to show that plaintiff had claimed the occurrence of a severe impact.

Generally, pleadings from another action are admissible insofar as they are relevant and not within the realm of hearsay. 5 Callaghan's Michigan Pleading and Practice (2d ed), § 36.595, p 255 Anno: 90 ALR 1393, 1398. In *Cady* v. *Doxtator* (1916), 193 Mich 170, the Supreme Court permitted the introduction of a pleading from a prior lawsuit between the same parties for purposes of impeaching the testimony of one of the parties in the subsequent case.

More recently, in *Schwartz* v. *Triff* (1966), 2 Mich App 379, this doctrine was again set forth and clarified by this Court. In *Schwartz,* which also dealt with two automobile accidents and two separate actions, we held that it was not error for the trial court to admit into evidence an unverified but duly authenticated copy of a pleading in a separate action brought by plaintiff but settled before trial. Its admission into evidence was qualified in that it was limited to the impeachment of the testimony of the plaintiff in the case then before the court.

The trial court instructed the jury that references to the other action had nothing to do with the question of liability in the case at bar, but that the jurors

might consider the testimony in deciding damages and the credibility of the witness. In light of the cases previously discussed and their application to the case at bar, we feel the question is controlled by *Schwartz, supra.* Counsel for plaintiffs brought to issue the matter of the second lawsuit himself and defendant was clearly utilizing such material for impeachment purposes.

Next we shall consider whether the trial court erred in not allowing plaintiffs' attorney to take the stand for purposes of explaining the practical aspects of the pleadings. Defendants contend that this was a collateral issue and immaterial. Furthermore, he argues, the court stated that it would permit plaintiffs' counsel to comment upon the other pleadings in his closing argument before the jury. Plaintiffs' argument is unconvincing in their attempt to show that reversible error was committed. We find no cases which would compel us to rule that a court must allow an attorney to take the stand to explain his pleadings. In view of the nature of the instructions and the fact that plaintiffs' attorney was allowed to put this explanation before the jury in closing arguments, this Court fails to see the harm that has purportedly resulted. There is a traditional dislike for the practice of an attorney taking the stand as indicated by the Supreme Court in *Jacobs* v. *Weissinger* (1920), 211 Mich 47, 49:

"It is, we think, to be regretted that an attorney of record in the case should find it necessary to support the contention he is bound to make with his own testimony. It is a practice not to be commended, and, while such testimony is competent, its consideration by the court is always a matter of embarrassment, because it is difficult to distinguish between the zeal of the advocate and the fairness and impartiality of a distinterested witness. The practice has re-

ceived judicial attention in many cases and has found scant approval." See also *In re Lewandowski's Estate* (1926), 236 Mich 136, 146; *In re Mette's Estate* (1932), 260 Mich 225, 231.

The last issue raised on this appeal concerns the propriety of the trial court's instructions to the jury. Firstly, plaintiffs argue that the court's instructions on proximate cause were erroneous, misleading, and confusing.

The proximate cause of an injury has been defined as that which in a natural and continuous sequence, unbroken by any new independent cause, produces injury and without which such injury would not have occurred. *Weissert* v. *City of Escanaba* (1941), 298 Mich 443; *Wilmarth* v. *Michigan United Traction Co.* (1917), 198 Mich 428. Plaintiffs' position is without merit for the record indicates that the charge was correct in its elements and was in no way misleading or confusing.

Plaintiffs also contend that the instruction to the jury regarding burden of proof was erroneous. They argue that the court's repetition of the words "preponderance of the evidence" created in the minds of the jury the impression of an increased burden of proof to be maintained by plaintiffs. In *Garceau* v. *Ishpeming-Negaunee Hospital Association* (1968), 13 Mich App 680, 682, this Court ruled:

"We are unimpressed with numbers where a qualitative review of the entire charges convinces us that the charge was fair and not misleading by virtue of any repetition."

Such a qualitative review fails to convince this Court that the charge was unfair or misleading.

We also find no merit in plaintiffs' contention that the court erred in refusing to charge the jury on the distinction between preponderance of the evidence

in a civil case and the burden of proof in a criminal case. Plaintiffs proffer no authority for this proposition and research discloses no persuasive basis for the proposition. While the trial court, in charging the jury, must make clear the element of burden of proof, we see no reason or necessity for differentiating civil and criminal standards which could very well seriously confuse a jury faced with an already difficult task.

Affirmed. Costs to appellees.

All concurred.