## PEOPLE *v* ELKINS

1. CRIMINAL LAW—INSTRUCTIONS TO JURY—ELEMENTS OF CRIME—
PROOF BEYOND REASONABLE DOUBT.

   The jury was properly instructed that every element of the
   crime of armed robbery, the crime charged, must be proven
   beyond a reasonable doubt where the trial court instructed
   the jury on the elements of the crime and then charged it
   that "if the elements constituting armed robbery have not
   been proven beyond a reasonable doubt and to a moral cer-
   tainty, your verdict should be not guilty".

2. CRIMINAL LAW—DEFENDANT TESTIFYING —IMPEACHMENT—ADMIS-
SIONS—FOUNDATION.

   A criminal defendant's prior admissions are admissible without
   the necessity of laying a foundation as to the time, place,
   person, and circumstances surrounding the making of the
   statements when they are being used to impeach his testi-
   mony.

Appeal from Oakland, William P. Hampton, J.
Submitted Division 2 February 29, 1972, at Lansing.
(Docket No. 11876.) Decided March 29, 1972. Leave
to appeal denied, 387 Mich 793.

James Elkins was convicted of armed robbery.
Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Thomas G. Plunkett,*
Prosecuting Attorney, and *William G. Wolfram,*
Assistant Prosecuting Attorney, for the people.

REFERENCES FOR POINTS IN HEADNOTES

[1] 30 Am Jur 2d, Evidence § 1172.
[2] 21 Am Jur 2d, Criminal Law § 343.

*Douglas Chartrand,* for defendant on appeal.

Before: McGregor, P. J., and J. H. Gillis and O'Hara,* JJ.

Per Curiam. Defendant was convicted by a jury verdict of armed robbery. MCLA 750.529; MSA 28.797.

On appeal, defendant contends that the trial court committed reversible error by failing to instruct the jury that each and every element of armed robbery must be proved beyond a reasonable doubt.

On appellate review, jury instructions must be read in their entirety. *People* v *Dye,* 356 Mich 271, 279 (1959); *People* v *Iron,* 26 Mich App 235, 241 (1970). The trial court instructed the jury as to the elements of armed robbery, and he then instructed the jury as follows:

"Take the evidence and weigh it conscientiously and carefully and thoroughly. *If you are satisfied beyond a reasonable doubt* and to a moral certainty *that the people have proven their case as the court has defined it for you,* find the respondents guilty accordingly of armed robbery. *If not, if the elements constituting armed robbery have not been proved beyond a reasonable doubt* and to a moral certainty, your verdict should be not guilty." (Emphasis added.)

Consideration of the instructions in their entirety fails to disclose any reversible error.

Defendant further alleges that reversible error was committed when the prosecutor failed to establish a sufficient foundation for the admission of defendant's prior admissions for the purpose of im-

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

peachment. Defendant contends that a proper foundation as to the time, place, and person involved must be established before a witness can be impeached. While defendant's argument is correct with respect to a witness, this rule has no application to a party. Wigmore on Evidence states:

"The rule requiring that the witness must have been warned when on the stand, and asked whether he had made the statement about to be offered as a self-contradiction, has always been understood not to be applicable to the use of a party's admissions, *i.e.,* they may be offered without a prior warning to the party." 4 Wigmore on Evidence (3d ed), § 1051, p 8.

Corpus Juris Secundum states the rule as follows:

"No foundation need be laid for the introduction of evidence of declarations or admissions of a party in a civil action or an accused in a criminal prosecution which are admissible against him as independent evidence, even though such declarations or admissions are inconsistent with, or contradictory of, the testimony of such party as a witness; but where the sole purpose of the evidence is to impeach the party, a proper foundation must be laid.

"Where such statements are admissible against him as admissions or declarations, even though they are inconsistent with, or contradictory of, his testimony, no foundation need be laid for the introduction in evidence of oral testimony of extrajudicial declarations or admissions of a party in a civil action, or of accused in a criminal prosecution." 98 CJS, Witnesses, § 600, p 591.

While Michigan has no case law holding that a foundation need be laid to introduce a prior contradictory statement of a defendant in a criminal case, the rule in Michigan is that no foundation need be laid in a civil case. *Cady* v *Doxtator,* 193 Mich 170,

173 (1916); *Zylstra* v *Graham,* 244 Mich 319, 326 (1929); *Schwartz* v *Triff,* 2 Mich App 379, 385 (1966); *Selph* v *Evenoff,* 28 Mich App 201, 204 (1970).

In *People* v *LeBeau,* 235 P2d 850, 854 (Cal App, 1951), the defendant was on trial for possession of cocaine. A statement by the defendant that he had used cocaine was admitted without laying a foundation as to time, place, and circumstances. The Court held that:

"It was not necessary to fix time, place and circumstances * * * His [defendant's] declarations and statements were original evidence against him, and the rules as to impeachment of witnesses did not apply."

See also *Blackwell* v *State,* 264 Ala 553, 88 So 2d 347 (1956); *State* v *Hephner,* 161 NW2d 714, 720 (Iowa, 1968); *State* v *Thomas,* 162 NW2d 724, 727 (Iowa, 1968).

In the instant case, the defendant's prior inconsistent statements were admissible as his admissions. It is not necessary to lay a foundation for such prior admissions where the witness is the defendant.

Affirmed.