NOLTE v PORT HURON AREA SCHOOL DISTRICT BOARD OF
EDUCATION

Docket No. 82385. Submitted February 6, 1985, at Lansing. Decided
June 17, 1986.

Mark F. Nolte, a tenured teacher, was dismissed by the Port
Huron Area School District Board of Education following a
hearing. Nolte appealed and the State Tenure Commission
affirmed after denying Nolte's motion to strike certain testi-
mony in the record of proceedings before the board. Nolte
petitioned for review, joining the State Tenure Commission as a
party and the Ingham Circuit Court, Michael C. Harrison, J.,
affirmed. Nolte appealed. *Held:*

1. The State Tenure Commission's denial of Nolte's request to
have an opportunity to review the commission hearing officer's
proposed decision did not deny Nolte due process nor was it
otherwise improper, since the commission members signing the
decision had read the record.

2. There was nothing in the record to indicate that anyone
other than commission members participated in the delibera-
tions or in reaching the final decision.

3. The commission's denial of Nolte's request to strike certain
rebuttal testimony in the record was proper. The testimony
concerned activities on trips chaperoned by Nolte and were
probative of Nolte's character, which Nolte had placed in issue
by offering evidence of specific instances of good conduct.

4. The decision of the board and the commission was sup-
ported by competent, material and substantial evidence on the
whole record and was not contrary to law.

5. The commission did not impermissibly shift the burden of
proof. The record indicated that the commission believed that
the school board had met its burden in proving reasonable and
just cause for dismissing Nolte.

Affirmed.

REFERENCES

Am Jur 2d, Administrative Law §§ 201 *et seq.*

Am Jur 2d, Schools §§ 185 *et seq.*, 202-207.

Rights of state and municipal public employees in grievance pro-
ceedings. 46 ALR4th 912.

Who is "teacher" for purposes of tenure statute. 91 ALR3d 141.

1. ADMINISTRATIVE LAW — DUE PROCESS — ADMINISTRATIVE PROCE-
    DURES ACT.
    Denial by an administrative agency of a request to use the
      proposed decision process in a contested case does not deny a
      party due process where all of the commission members signing
      the decision either heard the contested case or read the record
      (MCL 24.281; MSA 3.560[181]).

2. SCHOOLS — STATE TENURE COMMISSION — APPEAL — ADMINISTRA-
    TIVE LAW.
    The standard of review of a decision of the State Tenure Commis-
      sion is whether the commission's decision comports with the
      law and is supported by competent, material and substantial
      evidence on the whole record (Const 1963, art 6, § 28; MCL
      24.306; MSA 3.560[206]).

*Hiller, Larky & Hoekenga* (by *Steven J. Am-
berg*), for Mark Nolte.

*Touma, Watson, Nicholson, Whaling, Fletcher &
DeGrow, P.C.* (by *Douglas S. Touma* and *Janet M.
Castello*), for the Port Huron Area School District
Board of Education.

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, and *Gerald F. Young*
and *Frank J. Monticeilo,* Assistant Attorneys Gen-
eral, for the State Tenure Commission.

Before: ALLEN, P.J., and HOOD and R. C. LIVO,*
JJ.

PER CURIAM. Petitioner, Mark F. Nolte, a ten-
ured teacher at Port Huron Northern High School
was discharged following a hearing before respon-
dent, Port Huron Area School District Board of
Education. This decision was affirmed by the State
Tenure Commission and Ingham Circuit Court
Judge Michael G. Harrison. Petitioner appeals as
of right, raising four issues which do not require
reversal.

Petitioner taught at Northern for the 1980-1981
school year. Northern's principal, William Pierce,
received a call from Larry Moeller, the district
superintendent, asking him to investigate rumors

---

* Circuit judge, sitting on the Court of Appeals by assignment.

that petitioner had furnished or procured marijuana for a student named Kathleen O'Connor, or that O'Connor was using marijuana with petitioner's knowledge. Following the investigation, seven charges were eventually filed against petitioner, which essentially charged that petitioner furnished pills of an unknown content to students in violation of school rules concerning distribution of medication and that petitioner encouraged a student to use marijuana, helped the student to obtain marijuana, and failed to report the student's use of marijuana.

A lengthy hearing was held before the board. The board found each of the seven charges proved, determined that petitioner's conduct constituted reasonable and just cause for petitioner's dismissal and, accordingly, terminated petitioner's employment

A hearing was held before Commission Hearing Officer Lauren Sue Harkness on September 30, and October 2, 1981. At the outset, Hearing Officer Harkness denied petitioner's motion to strike consideration of the testimony of several rebuttal witnesses before the board. On August 22, 1982, the commission affirmed the hearing officer's refusal to strike the rebuttal testimony. On May 26, 1983, the commission issued a lengthy decision and order. Finding that all seven charges were proven by a preponderance of the evidence and concluding that such conduct constituted reasonable and just cause for petitioner's discharge, the commission dismissed petitioner's appeal.

Petitioner petitioned the Ingham Circuit Court for judicial review on July 7, 1983, joining the commission as a respondent based on alleged improprieties in its deliberations. The circuit court found no violation of due process or the Administrative Procedures Act (APA) in the commission's

deliberative procedure. The circuit court also found the rebuttal evidence properly admitted. Recognizing the importance of credibility determinations, the circuit court found that the commission's decision was based on substantial, material and competent evidence on the whole record.

I

Petitioner first argues that he was denied due process because the commission permitted persons other than commission members to attend its deliberations. He also notes that the commission's procedure has never been promulgated as a rule and argues that this should be considered prejudicial per se. Petitioner asks for reconsideration of his case utilizing § 81 of the APA, MCL 24.281; MSA 3.560(181), which requires that the proposed decision be made available to the parties for comment. We hold that petitioner was not denied due process of law.

At the close of the October 2, 1981, hearing before the hearing officer, petitioner's counsel objected to the lack of an opportunity to review the hearing officer's proposed decision. Petitioner had asked that the commission follow § 81 of the APA, MCL 24.281; MSA 3.560(181), but the commission denied this request, noting that, since all the commission members reviewed and studied the pleadings, briefs and transcripts, the procedure requested by petitioner need not be followed. Petitioner then moved in circuit court to permit the taking of proofs regarding alleged improprieties in the commission's deliberations. Petitioner claimed that three staff members from the department of education had participated in the commission's deliberations, denying him due process and a fair and impartial hearing. The circuit court permitted

interrogatories to be served upon the parties already involved.

Interrogatories were sent to and answered only by administrative law examiner Paula A. Wiseman, who took over the case on April 29, 1982. Her answers indicate that she had received a written report on the credibility and demeanor of several witnesses from Hearing Officer Harness. She also discussed the credibility of these witnesses with Harkness. Also attached to her answers was a draft decision that was identical to the decision actually signed by the commission. Apparently, the commission held a closed session on May 20, 1983. Besides commission members, Wiseman, Harkness and Faith Bishop, the "Designee of Superintendent of Public Instruction," attended. Wiseman summarized the draft decision, but did not recall that anyone else presented any statements or questioned the commissioners during their deliberations. In response to an interrogatory asking whether the commissioners asked questions of Wiseman or anyone else in attendance, Wiseman said she could not recall but that there was some discussion about the credibility of witnesses.

The procedure used did not deny petitioner due process. Petitioner believes that § 81 of the APA should have been utilized, but we think § 81 has no application to this case. Section 81 of the APA provides in part:

> (1) *When an official or a majority of the officials of the agency who are to make a final decision have not heard a contested case or read the record,* the decision, if adverse to a party to the proceeding other than the agency itself, shall not be made until a proposal for decision is served on the parties, and an opportunity is given to each party adversely affected to file exceptions and present

written arguments to the officials who are to make the decision. Oral argument may be permitted with consent of the agency.

(2) The proposal for decision shall contain a statement of the reasons therefor and of each issue of fact and law necessary to the proposed decision, prepared by a person who conducted the hearing or who has read the record.

(3) The decision, without further proceedings, shall become the final decision of the agency in the absence of the filing of exceptions or review by action of the agency within the time provided by rule. On appeal from or review of a proposal of decision the agency, except as it may limit the issue upon notice or by rule, shall have all the powers which it would have had if it had presided at the hearing. [MCL 24.281; MSA 3.560(181). Emphasis supplied.]

Here, the final decision clearly indicates that the commission members signing it read the record. Therefore, as recognized by the commission, § 81 has no application to this case. While a proposed decision is allowed by 1979 AC, R 38.176 and by § 81 of the APA, it need not be presented to the parties in a case such as this. The circuit court agreed with this interpretation.

Section 82 of the APA provides in pertinent part:

Unless required for disposition of an ex parte matter authorized by law, a member or employee of an agency assigned to make a decision or to make findings of fact and conclusions of law in a contested case shall not communicate, directly or indirectly, in connection with any issue of fact, with any person or party, nor, in connection with any issue of law, with any party or his representative, except on notice and opportunity for all parties to participate. This prohibition begins at the time of the notice of hearing. An agency member may communicate with other members of the agency and may have the aid and advice of the

agency staff other than the staff which has been or is engaged in investigating or prosecuting functions in connection with the case under consideration or a factually related case. [MCL 24.282; MSA 3.560(182).]

In the present case, no communications were had with any party beyond the hearing itself. There was no evidence that the commission and its hearing officers engaged in any sort of investigative or prosecutorial functions. It is unclear what Faith Bishop's function was. However, communications with hearing officers Wiseman and Harkness, through her reports, for "aid and advice" seem not only proper but imperative, since no commission member conducted the actual hearing. Nothing in the record indicates that anyone but commission members participated in the actual deliberations or in reaching the final decision, however identical to the proposed decision it may have been. Thus, the commission actually decided the case as required by *Luther v Alpena Bd of Ed,* 62 Mich App 32, 35; 233 NW2d 173 (1975).[1]

## II

Plaintiff complains that the commission, on de

---

[1] Petitioner's reliance upon *Grand Rapids Bd of Ed v Barcheski* (Docket No. 47481, decided August 7, 1981), an unpublished opinion of this Court, is misplaced. Petitioner is incorrect that this case has precedential value. *Stine v Continental Casualty Co,* 419 Mich 89, 95, n 2; 349 NW2d 127 (1984). Moreover, it was reversed in part on other grounds, see 413 Mich 940 (1982). *Barcheski* is distinguishable in any event. Here, there was no evidence that anyone had an "axe to grind" or acted as an advocate for a particular party. Petitioner's fear that the hearing officer may have acted as an advocate for her proposed decision is unsupported by the record. The commission was given summary material concerning the hearing and the interrogatory answers reveal no advocacy. Actual deliberations involved only commission members. Finally, *Barcheski* does not refer to § 82 of the APA, which does give permission to communicate with agency members. Petitioner's comparison of administrative procedure to the sanctity of jury deliberations is inappropriate.

novo review, should have disregarded the testimony of rebuttal witnesses John Tocco and Michael Cudlip regarding student use of alcohol on ski trips chaperoned by petitioner and petitioner's alleged use of marijuana. We think the disputed rebuttal evidence was properly considered. Petitioner's case in chief included testimony by several witness, including petitioner, as to petitioner's attitude towards marijuana use, evidence that he was personally opposed to marijuana use, a denial that he ever used marijuana, and testimony concerning petitioner's enforcement during ski club trips of both school policy and his personal attitude towards drugs. Over petitioner's objections, respondent offered four rebuttal witnesses: John Tocco, Michael Cudlip, Jack Ploeger, and Scott Bannnister.

The commission declined to strike the evidence on either ground proposed by petitioner, stating that petitioner placed his character regarding drug use in issue by testifying that he never used marijuana. The commission believed the rebuttal evidence refuted this claim and had probative value which was not outweighed by its prejudicial effect under MRE 403. The commission further found that the evidence was not excluded by MRE 404(b). Because petitioner placed his character at issue by offering evidence of specific instances of good conduct, the school board must be permitted to rebut those incidents by showing that petitioner's conduct was not as exemplary as claimed. Thus, the rebuttal evidence was offered to refute evidence of good character and to impeach credibility. We agree with the commission's analysis.

The evidence was properly admitted for rebuttal. Admission of rebuttal testimony rests within the sound discretion of the trial judge and will not be disturbed unless a clear abuse is shown. *Birou v*

*Thompson-Brown Co,* 67 Mich App 502, 510; 241 NW2d 265 (1976), lv den 397 Mich 808 (1976). In determining the admissibility of evidence, the trial judge may consider issues in the pleadings and issues injected by evidence already introduced. See 4 Callaghan's Michigan Pleading & Practice (2d ed), § 36.196, p 37, citing *Hart v Walker,* 100 Mich 406, 410; 59 NW 174 (1894). Where one party has introduced evidence to disprove a certain fact, the other may introduce evidence proving it. The trial judge may admit evidence offered in rebuttal where it contradicts or negatives evidence offered by the adverse party even though it tends incidentally to show a matter as to which evidence is not usually admissible. Callaghan's, *supra,* § 36.198, p 43. The relevance of such rebuttal evidence should be tested by whether it is justified by the evidence which it is offered to rebut. *Id.,* citing *Edwards v Common Council of the Village of Three Rivers,* 102 Mich 153; 60 NW 454 (1894).

Here, petitioner offered evidence of his attitude towards drug use, he denied using marijuana, and he indicated that he enforced school policy during ski trips. Petitioner offered this evidence to prove his attitudes towards drug and alcohol use and to show that he was not given to encouraging marijuana use by anyone. This was central to the charge against him. Rebuttal evidence countering this character trait was properly admitted to contradict evidence petitioner put in on direct examination.

III

Petitioner contends that the commission's decision against him was not supported by competent, material, and substantial evidence on the whole record. We do not agree.

The power of this Court in reviewing a decision by the commission is limited. This Court determines from the record whether the proof received by the controlling board or commission supports its findings. The standard of review is whether the decision is supported by competent, material and substantial evidence on the whole record. See *Beebee v Haslett Public Schools (After Remand),* 406 Mich 224, 231; 278 NW2d 37 (1979). The commission's decision must not be contrary to law. Const 1963, art 6, § 28; MCL 24.306; MSA 3.560(206).

We have reviewed the record. Many of petitioner's arguments concern credibility determinations which this Court will not disturb. The evidence concerning the school policy on distributing medication was vague and unclear as to what the policy actually covered and whether petitioner was aware of it. Petitioner testified however that he would not have given a student even vitamin pills, indicating his awareness of the policy. The issue actually turned on whom the commission believed. The decision contains a careful, detailed analysis of the facts and a clear explanation of its findings on both this and the marijuana issues. We hold that the commission's decision was supported by substantial, material and competent evidence on the whole record, and that it was not contrary to law.

IV

Finally, we reject petitioner's contention that the commission's decision impermissibly shifted the burden of proof to petitioner to disprove the charges against him. A careful review of the decision as a whole indicates that the commission believed respondent had met its burden and proved reasonable and just cause for dismissing

petitioner. See *Luther v Alpena Bd of Ed, supra,* p 36. The commission found respondent's witnesses to be more credible than petitioner. The burden remained on respondent.

Affirmed.