## TOMCZIK v STATE TENURE COMMISSION

Docket No. 96727. Submitted October 4, 1988, at Detroit. Decided March 6, 1989. Leave to appeal applied for.

David A. Tomczik was discharged from his position as a tenured teacher with the Center Line Public Schools for using corporal punishment against students from 1979 through 1983 in violation of school board policy. Tomczik filed a petition for review of the board of education's action with the State Tenure Commission, challenging the validity of the discharge. The tenure commission found that there was just and reasonable cause to discharge Tomczik and affirmed the decision of the school board. Tomczik appealed to Macomb Circuit Court, Robert J. Chrzanowski, J., which affirmed the decision of the tenure commission. Tomczik appealed.

The Court of Appeals *held:*

1. There was competent, material, and substantial evidence received by the school board and the tenure commission which supports the finding that there was reasonable and just cause to affirm Tomczik's dismissal.

2. The tenure commission did not abuse its discretion when it ruled that an answer filed by Center Line Public Schools in another lawsuit involving the assault and battery of a student by a teacher was inadmissible. The answer filed in the other case was not relevant to the instant proceedings and was properly excluded.

3. The school board and the tenure commission properly considered charges relating to incidents which occurred before the 1980-81 school year. Requiring teachers to answer charges concerning events which occur during a previous school year is not fundamentally unfair, and Tomczik failed to establish the elements of laches on the record before the Court of Appeals.

4. The school board did not err by refusing to stay the instant proceedings pending the resolution of the criminal charges

REFERENCES

Am Jur 2d, Administrative Law §§ 407-409, 427-440, 621, 659, 660, 688-691, 747; Schools §§ 161-214.

Sufficiency under statute requiring hearing on request before discharge. 89 ALR2d 1018.

against Tomczik which arose out of one of the incidents where Tomczik struck a student.

5. The school board did not relinquish its decision-making power to the hearing officer, and Tomczik has not been able to demonstrate evidence of prejudice or bias based on the participation of counsel before the school board.

6. Tomczik's objection to the hearing officer's dual role as school board hearing officer during the tenure revocation hearing in front of the school board and as the school board's advocate during the interlocutory appeal before the tenure commission is without merit. Tomczik does not assert actual bias.

7. The tenure commission's reliance on the hearing officer to prepare a decision for its consideration without providing the parties access to the proposal did not violate the Administrative Procedures Act. The commission members read the record before signing the final decision. The commission therefore did not have to circulate its proposal for a decision to the parties and give them the opportunity to file exceptions and present written arguments to the members of the tenure commission.

Affirmed.

1. APPEAL — STATE TENURE COMMISSION.

The Court of Appeals reviews findings of the State Tenure Commission in appeals therefrom to determine whether the findings are supported by competent, material, and substantial evidence on the whole record (Const 1963, art 6, § 28; MCL 24.306[1][d]; MSA 3.560[206][1][d]).

2. EVIDENCE — SUBSTANTIAL EVIDENCE.

"Substantial evidence" is that evidence which a reasoning mind would accept as sufficient to support a conclusion; it consists of more than a mere scintilla of evidence but may be substantially less than a preponderance of the evidence.

3. ADMINISTRATIVE LAW — STATE TENURE COMMISSION — EVIDENCE.

Absent an abuse of discretion, the decision of a hearing officer to refuse to admit evidence at an administrative hearing will not be disturbed on appeal; the same rule applies to decisions of the State Tenure Commission.

4. EVIDENCE — PLEADINGS FROM OTHER ACTIONS — IMPEACHMENT.

Generally, pleadings from another action are admissible insofar as they are relevant and not within the realm of hearsay, but such pleadings may be used only for purposes of impeachment.

5. SCHOOLS — TEACHERS — STATE TENURE COMMISSION — DISCHARGE OF TEACHERS.

The State Tenure Commission, in reviewing charges against a tenured teacher which have resulted in the teacher's discharge from employment, may properly consider not only events which occurred during the school year in which the charges were brought but may also consider incidents which occurred during previous school years; in some cases just and reasonable cause for discharge may best be illustrated by numerous instances of misconduct forming a continuing pattern.

6. ACTIONS — DEFENSES — LACHES.

Laches is an affirmative defense which depends not merely upon the lapse of time but principally on the requisite of intervening circumstances which would render inequitable any grant of relief to the dilatory plaintiff; it is concerned mainly with the question of the inequity of permitting a claim to be enforced and depends on whether the plaintiff has been wanting in due diligence, and the successful assertion of a defense of laches requires a showing of passage of time combined with some prejudice to the party asserting the defense; where the delay of one party has not prejudiced the other, the defense of laches cannot be recognized.

7. SCHOOLS — TEACHERS — CORPORAL PUNISHMENT — TENURE REVOCATION PROCEEDINGS.

An administrative hearing before a school board in which a tenured teacher is accused of corporal punishment of students need not be stayed pending the outcome of criminal charges arising out of the same incidents; a tenure revocation hearing is to take place not less than thirty nor more than forty-five days after the filing of the charges (MCL 38.102; MSA 15.2002).

8. SCHOOLS — TEACHERS — TENURE REVOCATION PROCEEDINGS.

The fact that a school board appointed an attorney as a hearing officer to preside over a teacher tenure revocation proceeding and granted the attorney the power to rule on procedural and evidentiary questions which arose during the hearing and to resolve any questions of law on any motions did not amount to a relinquishment of the board's decisionmaking power or result in the denial of the teacher's statutory right to a hearing and decision from the controlling board where the board retained the right to overrule any decision of the hearing officer and the exclusive right to evaluate and judge the evidence presented at the hearing (MCL 38.104[b]; MSA 15.2004[b]).

9. SCHOOLS — TEACHERS — TENURE REVOCATION PROCEEDINGS —
     ADMINISTRATIVE PROCEDURES ACT.
   The State Tenure Commission, in relying on one of its hearing
   officers to prepare a decision for its consideration in a teacher
   tenure revocation proceeding without providing the parties
   access to that proposal did not violate the Administrative
   Procedures Act where the commission members read the record
   before signing the final decision (MCL 24.281[1]; MSA
   3.560[181][1]).

*Hiller, Hoekenga & Amberg* (by *Steven J. Amberg*), for petitioner.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Gerald F. Young* and *Frank J. Monticello,* Assistant Attorneys General, for State Tenure Commission.

*Clark, Hardy, Lewis, Pollard & Page, P.C.* (by *Dennis R. Pollard* and *Katherine Dalman Lamb*), for Board of Education of the Center Line Public Schools.

Before: DOCTOROFF, P.J., and SHEPHERD and R. R. LAMB,* JJ.

PER CURIAM. Petitioner, David A. Tomczik, appeals as of right from the circuit court order affirming the discharge of petitioner from his position as a tenured teacher with the Center Line Public Schools for using corporal punishment against students from 1979 through 1983 in violation of school board policy. We affirm.

The tenure charges were filed under Art IV of the teacher tenure act, MCL 38.101 *et seq.*; MSA 15.2001 *et seq.* The Board of Education of the Center Line Public Schools by resolution appointed attorney Dennis R. Pollard to act as its hearing officer during the tenure hearing. Following a

* Circuit judge, sitting on the Court of Appeals by assignment.

private hearing, the school board issued its findings of fact and conclusions of law finding just and reasonable cause to discharge petitioner. Petitioner filed a petition for review with the State Tenure Commission challenging the validity of the discharge. The tenure commission found that there was just and reasonable cause to discharge petitioner and affirmed the decision of the school board. Petitioner appealed to the circuit court, and the circuit court affirmed the decision and order of the tenure commission.

The power of this Court to review a decision of the State Tenure Commission is limited. This Court must determine from the whole record whether there was competent, material, and substantial evidence received by the school board or the tenure commission, or both, to support the commission's finding that there was reasonable and just cause to affirm petitioner's dismissal. Const 1963, art 6, § 28; MCL 24.306(1)(d); MSA 3.560(206)(1)(d); *Barcheski v Bd of Ed of Grand Rapids Public Schools,* 162 Mich App 388, 395; 412 NW2d 296 (1987). "Substantial evidence" is evidence which a reasoning mind would accept as sufficient to support a conclusion. While it consists of more than a scintilla of evidence, it may be substantially less than a preponderance. *Gersbacher v State Employees' Retirement System,* 145 Mich App 36, 46; 377 NW2d 334 (1985).

In the instant case, there was competent, material, and substantial evidence received by the school board and the tenure commission which supports the finding that there was reasonable and just cause to affirm petitioner's dismissal. Petitioner was involved in four incidents where he used corporal punishment against students in violation of school board policy.

The school board's policy regarding corporal

punishment was adopted in March of 1975. School board policy No. 765 provides in part that "the board of education does not encourage corporal punishment. It should be used only as a matter of last resort."

In March, 1979, petitioner kicked and pushed a student in attempting to get her to return to his classroom. Petitioner received a written admonishment from the principal of the school after the incident.

In June, 1980, petitioner was involved in an incident with a high school student where petitioner struck the student in the face with his fist as an attempted disciplinary measure. Petitioner received a written reprimand following this incident. The reprimand reminded petitioner that corporal punishment should only be used as a last resort under school board policy No. 765. It also reminded petitioner of the principal's directive not to use corporal punishment and instead to walk away from the circumstances and seek help.

In December, 1980, petitioner, in an attempt to discipline one of his classroom students, grabbed the student in a headlock and slapped or punched the student, thereby cutting the student's face. After this incident petitioner was suspended for three days with pay as a disciplinary sanction. Petitioner was warned not to use corporal punishment as a disciplinary measure. If petitioner did not comply, further disciplinary actions, including dismissal, would be taken.

In May, 1983, petitioner struck a female high school student in the face and knocked her to the floor. Petitioner testified that he gave the student a slap in the face to snap her out of a drug-induced stupor. In the opinion of the assistant principal at Center Line High School, Linda Farr,

the student was not under the influence of drugs at that time.

The evidence established that petitioner repeatedly violated the school board's clearly defined corporal punishment policy. Suspension and repeated reprimands had no effect on petitioner's behavior. The tenure commission's decision contained a careful, detailed analysis of the facts and a thorough explanation of its findings. The tenure commission's decision is supported by competent, material, and substantial evidence on the record and will not be disturbed on appeal.

Petitioner sought to introduce before the school board an answer filed by Center Line Public Schools in *Van Brienen v Center Line School District,* Macomb Circuit Court No. 82-2267-NO, a civil suit filed against the district in which it was alleged that a teacher had assaulted and battered a student. The school board hearing officer denied its introduction. The *Van Brienen* answer provides in part:

AFFIRMATIVE DEFENSES

Further answering Plaintiffs' Complaint by way of affirmative defenses, this Defendant says:

* * *

B. That MCLA 380.1316 authorizes a teacher to use reasonable physical force on a pupil necessary to maintain discipline over pupils in attendance at school and said teacher is not liable for the use of physical force except in case of gross abuse and disregard for the health and safety of the pupil . . . . [*Van Brienen,* Macomb Circuit Court No. 82-2267-NO.]

Before the tenure commission, the school board filed a motion in limine to have the *Van Brienen* answer excluded. The tenure commission granted

the motion because the answer was irrelevant. The circuit court affirmed.

Absent an abuse of discretion, the decision of a hearing officer to refuse to admit evidence will not be disturbed on appeal. *Thangavelu v Dep't of Licensing & Regulation,* 149 Mich App 546, 553; 386 NW2d 584 (1986). The same rule applies to decisions of the tenure commission. *Rehberg v Melvindale Bd of Ed,* 330 Mich 541, 548; 48 NW2d 142 (1951). Generally, pleadings from another action are admissible insofar as they are relevant and not within the realm of hearsay, but such pleadings may be used only for the purposes of impeachment. *Selph v Evanoff,* 28 Mich App 201, 204-205; 184 NW2d 282 (1970).

The tenure commission did not abuse its discretion when it ruled that the *Van Brienen* answer was inadmissible. In the instant case, no claim is made that Tomczik was involved in any way in the lawsuit. Further, the proffered answer merely asserted a statutory standard to defend against imposition of civil liability on the school district. This is an entirely different standard than the internal policy that allows disciplining a teacher for using corporal punishment other than as a last resort. Therefore, the *Van Brienen* answer was not relevant to the instant proceedings and was properly excluded.

Before the school board, petitioner moved to prohibit the introduction of evidence and dismiss charges which arose before the 1980-81 school year. The basis of the motion was the claim that witnesses were unavailable and petitioner's inability to remember the incidents in detail. However, petitioner did not identify any witness that could not be produced to testify or to be cross-examined. The school board denied the motion. The tenure commission affirmed. The circuit court also af-

firmed this decision. Requiring teachers to answer charges concerning events which occur during a previous school year is not fundamentally unfair. *Sutherby v Gobles Bd of Ed (After Remand)*, 132 Mich App 579, 583; 348 NW2d 277 (1984).

Petitioner argues that the charges that stem from the incidents that took place before the 1980-81 school year are barred by laches. This Court has stated:

> Laches is an affirmative defense which depends not merely upon the lapse of time but principally on the requisite of intervening circumstances which would render inequitable any grant of relief to the dilatory plaintiff. *Lewis v Poel*, 376 Mich 167, 169; 136 NW2d 7 (1965); *Root v Republic Ins Co*, 82 Mich App 446; 266 NW2d 842 (1978). For one to successfully assert the defense of laches, it must be shown that there was a passage of time combined with some prejudice to the party asserting the defense of laches. *Head v Benjamin Rich Realty Co*, 55 Mich App 348, 356; 222 NW2d 237 (1974), lv den 393 Mich 792 (1975). See also *Wiljamaa v Board of Education of City of Flint*, 50 Mich App 688, 692; 213 NW2d 830 (1973). Laches is concerned mainly with the question of the inequity of permitting a claim to be enforced and depends on whether the plaintiff has been wanting in due diligence. *Sloan v Silberstein*, 2 Mich App 660, 676; 141 NW2d 332 (1966). [*In re Crawford Estate*, 115 Mich App 19, 25-26; 320 NW2d 276 (1982).]

Petitioner has failed to establish the elements of laches on the record before this Court. Petitioner was unable to show any prejudice caused by the time which elapsed from the 1979-81 incidents and the date the instant charges were filed. Where the delay of one party has not prejudiced the other, the defense of laches cannot be recognized. *Lothian v Detroit*, 414 Mich 160, 168; 324 NW2d 9

(1982). The school board and the tenure commission properly considered the charges which related to incidents which occurred before the 1980-81 school year.

Petitioner attempted to stay the administrative hearing before the school board in the instant case, pending the resolution of the criminal case which arose out of one of the incidents where petitioner struck a student. The school board hearing officer refused to stay the administrative hearing. In *People v Rocha,* 86 Mich App 497; 272 NW2d 699 (1978), this Court considered whether due process prohibited a probation revocation hearing from taking place prior to the trial on the underlying criminal charges. The *Rocha* Court, basing its holding upon public policy rather than constitutional grounds, stated:

> We adopt the holding of the California Supreme Court in *People v Coleman* [13 Cal 3d 867, 889.; 120 Cal Rptr 384; 533 P2d 1024 (1975)]:
>
> "We accordingly declare as a judicial rule of evidence that henceforth upon timely objection the testimony of a probationer at a probation revocation hearing held prior to the disposition of criminal charges arising out of the alleged violation of the conditions of his probation, and any evidence derived from such testimony, is inadmissible against the probationer during subsequent proceedings on the related criminal charges, save for purposes of impeachment or rebuttal where the probationer's revocation hearing testimony or evidence derived therefrom and his testimony on direct examination at the criminal proceedings are so clearly inconsistent as to warrant the trial court's admission of the revocation hearing testimony or its fruits in order to reveal to the trier of fact the probability that the probationer has committed perjury at either the trial or the revocation hearing."
>
> This rule will eliminate the possibility of illegiti-

mate use of a probation revocation hearing as a discovery device, but will at the same time foster the interests of both the state and the defendant in a prompt, full and truthful disclosure of evidence at the hearing. *Coleman, supra; [State v DeLomba,* 370 A2d 1273, 1276 (RI, 1977)]. [*Rocha, supra,* pp 512-513.]

We follow the *Rocha* approach in this case. The interests of both parties in a fair and complete hearing are furthered under the *Rocha* rationale. Also, the Legislature intended that a tenure revocation hearing take place not less than thirty nor more than forty-five days after the filing of charges. MCL 38.102; MSA 15.2002. We note that petitioner sought and received a private hearing pursuant to MCL 38.104(a); MSA 15.2004(a). We hold that the school board did not err by refusing to stay the instant proceedings pending criminal charges.

At the beginning of the hearing before the school board, the board by resolution appointed attorney Dennis R. Pollard as its hearing officer. The hearing officer was granted the power to rule on procedural and evidentiary questions which arose during the hearing and resolve any questions of law on any motions. The school board retained the right to overrule any decision of the hearing officer and the exclusive right to evaluate and judge the evidence presented at the hearing. Petitioner argues that the school board relinquished its decision-making power to the hearing officer and thereby denied petitioner the statutory right to a hearing and decision from the controlling board as required by statute. MCL 38.104(b); MSA 15.2004(b).

In *Arnold v Crestwood Bd of Ed,* 87 Mich App 625; 277 NW2d 158 (1978), this Court approved the involvement of counsel for the Crestwood Board of

Education both in presenting the board's case and as advisor to the board. The *Arnold* Court held that "only if evidence of prejudice or bias clearly appears on the record will participation of counsel in a dual role constitute a violation of due process." *Arnold, supra,* p 652; see also *Niemi v Kearsley Bd of Ed,* 103 Mich App 818; 303 NW2d 905 (1981). In the case at bar, the school board did not relinquish its decision-making power to the hearing officer, and petitioner was not able to demonstrate evidence of prejudice or bias based on the participation of counsel before the school board.

Petitioner also objects to the hearing officer's dual role as school board hearing officer during the tenure revocation hearing in front of the school board and as the school board's advocate during the interlocutory appeal before the tenure commission regarding the school board's denial of petitioner's motion for a stay. Petitioner does not assert actual bias. This issue has no merit.

Petitioner alleges that the procedure employed by the tenure commission of relying on a third party, its hearing officer, to prepare a decision for its consideration without providing the parties access to that proposal violated the Administrative Procedures Act. MCL 24.281(1); MSA 3.560(181)(1) provides:

> When the official or a majority of the officials of the agency who are to make a final decision have not heard a contested case or read the record, the decision, if adverse to a party to the proceeding other than the agency itself, shall not be made until a proposal for decision is served on the parties, and an opportunity is given to each party adversely affected to file exceptions and present written arguments to the officials who are to make

the decision. Oral argument may be permitted with consent of the agency.

The final decision of the tenure commission states that the commission members read the record before signing the final decision. Therefore, the tenure commission did not have to circulate its proposal for a decision to the parties and give them the opportunity to file exceptions and present written arguments to the members of the tenure commission. See *Nolte v Port Huron Area School Dist Bd of Ed,* 152 Mich App 637; 394 NW2d 54 (1986).

Affirmed.