NIEMI v KEARSLEY BOARD OF EDUCATION

Docket No. 47741. Submitted October 16, 1980, at Lansing.—Decided February 18, 1981. Leave to appeal applied for.

Wilbert Niemi, a tenured teacher, was dismissed by the Kearsley Board of Education following hearings before the board. He appealed to the Teacher Tenure Commission, which upheld the board's decision. He then appealed to Ingham Circuit Court, which ordered the Tenure Commission to file a new or supplemental decision including a statement of legal standards, specific findings of fact, and conclusions of law. The Commission subsequently again upheld the board's decision. The court then issued an opinion and order upholding the determination of the Commission, Ray C. Hotchkiss, J. Plaintiff appeals, alleging denial of due process by the dual role played by the board's attorney during the board hearings. *Held:*

1. The circuit court properly upheld the Commission's determination. No prejudice to plaintiff was found as a result of the dual role of the board's attorney in presenting charges against plaintiff and in advising the board during its hearings. In addition, plaintiff sought and received *de novo* review before the Tenure Commission which would have fully protected his rights had the board denied him due process.

2. The charges against plaintiff were proved, precluding recovery of back pay under the teachers' tenure act.

Affirmed.

1. Schools — Teacher Dismissal Hearings — Dual Role of Counsel — Due Process.

Participation of counsel at a teacher dismissal hearing in the dual role of presenting charges against the teacher to the school board and advising the board during the hearing does not constitute a violation of due process per se; only where evidence of prejudice or bias as a result of counsel's dual role clearly appears on the record will such violation be found.

References for Points in Headnotes

[1] 68 Am Jur 2d, Schools §§ 192, 202.

[2] 2 Am Jur 2d, Administrative Law § 257.

2. ADMINISTRATIVE LAW — DUAL FUNCTION OF ADMINISTRATIVE
   AGENCY — DUE PROCESS.
   The combination of investigative and adjudicative roles in an
   administrative hearing does not constitute a violation of due
   process absent a showing of actual bias.

*Foster, Swift, Collins & Coey, P.C.* (by *Lynwood E. Beekman, Arthur R. Przybylowicz,* and *Thomas A. Baird),* for plaintiff.

*Thomas & Delaney,* for defendant.

Before: M. F. CAVANAGH, P.J., and T. M. BURNS and R. H. CAMPBELL,* JJ.

PER CURIAM. Plaintiff appeals by right after Ingham County Circuit Court Judge Ray C. Hotchkiss affirmed his dismissal from defendant school district.

Plaintiff was employed as a tenured English teacher at Daley Junior High, Kearsley Community Schools. On March 23, 1975, the district superintendent, assistant superintendent, and building principal filed charges against plaintiff. Hearings were held before the Kearsley Community School Board of Education on May 8, May 22, June 3, June 11, and July 9, 1974. The board found that plaintiff had failed to discipline properly, had failed to follow suggestions for improving his teaching methods, and had failed to follow administration orders. Plaintiff was ordered dismissed.

He appealed as of right to the Teacher Tenure Commission which held that the record from the board hearings and additional testimony established just and reasonable cause for discharge. Plaintiff then appealed to the Ingham County Circuit Court. On September 8, 1978, the court

---

* Circuit judge, sitting on the Court of Appeals by assignment.

ordered the Teacher Tenure Commission to file a new or a supplemental decision. This decision was to include a statement of legal standards, specific findings of fact, and a statement of the conclusions of law. Pursuant to this order, the Tenure Commission, in a four to one decision, again upheld plaintiff's dismissal.

On September 25, 1979, Judge Hotchkiss issued an opinion and order upholding the determination of the Tenure Commission.

The facts of this case are not at issue on appeal. Rather, plaintiff asserts that he was denied his due process rights by the dual role played by the board's attorney, John W. Thomas, who, plaintiff maintains, advised the board on procedural matters as well as presented the charges against plaintiff. In its first decision, the Tenure Commission stated that there was no evidence that this dual role denied plaintiff his due process rights. The circuit court reached the same conclusion, and we agree.

John Thomas regularly served as the board's legal advisor. At the beginning of the board hearing, plaintiff's attorney moved to have Thomas sever either his connection with the charging parties or his ties to the board. The board denied the motion.

At the initial hearing, plaintiff's attorney made several procedural motions. Thomas responded, and the board voted to deny them or took them under advisement. At this hearing, no board member asked Thomas to offer any legal advice.

On the second day of hearings, Thomas again acted as counsel for the charging parties. During direct examination of the superintendent, plaintiff's attorney asked that plaintiff's personnel record be produced, and Thomas stated that he had

no objection. The attorneys and the board members then discussed whether confidential letters of recommendation in the file should be released. When one of the board members moved that the letters not be released, the board chairman asked Thomas's advice on the procedure for deciding the motion. Thomas said the chairman could rule on his own. Before any ruling was made, however, the motion was withdrawn. Thomas told plaintiff that the entire file was open "[u]nless someone objects".

During Thomas's questioning of the superintendent, plaintiff's attorney objected to one line of questioning on the ground of irrelevance and, after discussion, requested a ruling. Thomas stated that the board could either rule or note the objection on the record, and the board chairman indicated he would do the latter. Plaintiff's attorney objected, arguing that whenever he made an objection the board looked to Thomas for advice. The chairman stated, "I will ask my board from now on for their advice".

During direct examination of the principal of plaintiff's school, plaintiff's attorney objected, claiming that the witness was being led. After the attorneys argued, the board chairman stated, "I would like to state for the record right now from this point on, let the record show the objections. We are going to proceed. And let those that read the record make their determinations on this. * * * I am no longer going to either sustain or overrule an objection." For the remainder of the proceeding, this procedure was followed.

Plaintiff now argues that Thomas's dual role in presenting the tenure charges and in advising the board denied plaintiff his right to due process of law.

We recognize that an attorney's dual role carries

with it the potential for prejudice and find that the better practice is to appoint an independent attorney to represent the charging party at a dismissal hearing. We decline, however, to adopt a per se rule that would require reversal whenever an attorney performs both functions.

In at least one jurisdiction, a strict rule has been adopted on the basis of state law. In Pennsylvania, an attorney is barred from presenting a case before the school board and acting as a legal advisor to the board at the same time. *English v North East Board of Education,* 22 Pa Comm 240; 348 A2d 494 (1975), relying on *Horn v Twp of Hilltown,* 461 Pa 745; 337 A2d 858 (1975). As the court recognized in *English,* such a result is not required by the United States Constitution. Indeed, the combination of investigative and judicial roles in an administrative hearing has been expressly upheld in the Federal courts where there has been no showing of actual bias. *Hortonville Joint School Dist No 1 v Hortonville Education Ass'n,* 426 US 482; 96 S Ct 2308; 49 L Ed 2d 1 (1976), *Withrow v Larkin,* 421 US 35; 95 S Ct 1456; 43 L Ed 2d 712 (1975).

Other states that have addressed this question have found a denial of due process only where an examination of the facts discloses actual bias or prejudice. *Yesinowski v Byron Board of Education,* 28 Ill App 3d 119; 328 NE2d 23 (1975), *Monahan v Board of Trustees of Elementary School Dist No 9,* 486 P2d 235 (Wyo, 1971). See 2 Davis, Administrative Law Treatise, § 13.02, p 175.

No Michigan appellate decisions discuss this precise question, although a related factual setting was presented in *Arnold v Crestwood Board of Education,* 87 Mich App 625; 277 NW2d 158 (1978). In *Arnold,* this Court found no due process

violation where a school board's attorney advised the board and presented charges at a hearing under § 6 of the public employees relations act, MCL 423.206; MSA 17.455(6). We recognize that a § 6 inquiry is limited solely to a determination of the identity of the striking employees, while a dismissal hearing involves a determination of more complex facts. We are unpersuaded that *Arnold* should be distinguished on this ground. In both hearings, a school board is required to make a factual determination. Moreover, the *Arnold* Court clearly rejected the strict Pennsylvania approach, which had been applied to teachers in a hearing to determine whether to dismiss an allegedly incompetent teacher. *English, supra.* The *Arnold* Court wrote:

"[The Pennsylvania approach is] a much stricter standard than has been required under the Federal Constitution. We prefer to adhere to the Federal rule, admonishing district school boards that only if evidence of prejudice or bias clearly appears on the record will participation of counsel in a dual role constitute a violation of due process." 87 Mich App at 652.

In the case at bar, no prejudice can be found. The board carefully noted objections on the record. Thomas refrained from actively advising the board and, when called upon for legal advice, suggested that plaintiff's request be granted. Moreover, the board did consult with an independent attorney when it encountered a disagreement between Thomas and plaintiff's attorney.

We also observe that plaintiff sought and received a *de novo* review before the Tenure Commission. At these hearings, plaintiff took full advantage of his opportunity to present additional testimony. Had the hearing before the school

board denied plaintiff his right to due process, the Tenure Commission hearing would have fully protected plaintiff's rights.

We find that the circuit court properly applied *Arnold* to this situation and further find that plaintiff was not prejudiced.

The charges against plaintiff were proved, and plaintiff was afforded due process at the hearing before the school board. Plaintiff is not, therefore, entitled to any additional back pay under Art IV, § 3 of the teachers' tenure act, MCL 38.103; MSA 15.2003.

Affirmed.