PLYMOUTH-CANTON COMMUNITY SCHOOL DISTRICT v STATE
TENURE COMMISSION

Docket No. 88735. Submitted April 8, 1987, at Lansing. Decided
February 16, 1988. Leave to appeal applied for.

The superintendent of the Plymouth-Canton Community School
District filed written charges with the Plymouth-Canton Com-
munity School District Board of Education alleging that Scott
Kurtz, a tenured teacher, had violated the school district's
policy concerning the use of physical force against a student.
The board accepted the charges and commenced disciplinary
proceedings against Kurtz pursuant to the teacher tenure act.
Kurtz was provided with a copy of the charges, the board's
resolution suspending him, and a notice of hearing. Kurtz
requested a private hearing, which commenced on December
15, 1982. The board appointed attorney Dennis Pollard as
hearing officer and granted him the authority to rule on
motions and evidentiary matters, subject to the board's right to
overrule any of his decisions. The board also expressly retained
the exclusive authority to evaluate and judge the facts. The
charging party, Plymouth-Canton Community School District,
was represented by attorney William G. Albertson, who was a
member of the same law firm as Pollard. Kurtz moved to voir
dire hearing officer Pollard and members of the board of
education and objected to the board's order vesting in Pollard
the discretion to rule on procedural and evidentiary matters,
subject only to a vote by the board. Pollard denied the motion
to voir dire the hearing officer, denied the objections to the
hearing procedures adopted by the board and granted in part
the motion to voir dire the members of the board of education.
At the close of testimony in the hearing, both parties submitted
proposed findings of fact and conclusions of law. The board's
deliberations were attended by Pollard, who answered ques-

REFERENCES

Am Jur 2d, Schools §§ 17-20, 208 et seq.; 149 et seq.; 162 et seq.; 185
et seq.

Elements and measure of damages in action by schoolteacher for
wrongful discharge. 22 ALR3d 1047.

Power of school district or school board to employ counsel. 75
ALR2d 1339.

tions on legal points and took notes which he later used to prepare a draft decision. The board issued its decision concluding that Kurtz had violated school policy and had breached professional ethics by using excessive and unreasonable force against a student, causing physical injury. Kurtz was suspended without pay for the balance of the 1982-83 school year and for the first semester of the 1983-84 school year. Kurtz appealed to the State Tenure Commission, claiming that the board failed to comply with the due process requirement of the teacher tenure act by appointing Pollard as hearing officer when he and the attorney representing the school district were members of the same law firm and the fees of both attorneys were paid by the school district. Kurtz also claimed that the record did not support the board's finding that he had used unreasonable force against the student. Following a hearing, the tenure commission found that Kurtz' right to due process of law was violated by Pollard's mere presence at the board's deliberations, that the error could not be cured by the commission's de novo review, and that Kurtz' reinstatement was mandated by the substantial procedural error. The commission reversed the decision of the board and awarded Kurtz back pay. The board of education petitioned for review in the Ingham Circuit Court, which, following a hearing, concluded that the commission's decision that Kurtz did not receive a fair hearing was not a substantial and material error of law, Jack W. Warren, J. Neither the tenure commission nor the circuit court considered the sufficiency of the evidence establishing Kurtz' use of excessive and unreasonable force. The Plymouth-Canton Community School District appealed.

The Court of Appeals *held:*

1. The State Tenure Commission is vested with the authority to evaluate the fairness of the hearing accorded a disciplined teacher by the controlling school board, as defined by the teacher tenure act.

2. To succeed with a due process challenge, a tenured teacher must show actual bias in the disciplinary proceedings or a risk or probability of unfairness that is too high to be constitutionally tolerable. Kurtz made no claim of actual bias, and the involvement of attorneys from the same firm in a single administrative proceeding, with one attorney acting in an advisory capacity and the other acting in a representative capacity, does not per se constitute a violation of due process of law. There being nothing else to substantiate Kurtz' claim of unfairness, the circuit court's decision must be reversed as a matter of law.

The tenure commission's decision is affected by a substantial and material error of law and should therefore be reversed.

3. The matter must be remanded to the tenure commission for review of the merits of the school board's disciplinary action.

Reversed and remanded.

E. F. OPPLIGER, J., concurred in the finding that the case be reversed and remanded in order that the tenure commission could review the merits of the school board's disciplinary action, but dissented from the majority's opinion as it relates to the due process rights of Kurtz. He would adopt a per se rule against situations in which a charging body and the factfinder are represented by attorneys who are from the same law firm. Furthermore, he would hold that it is constitutionally intolerable to permit a hearing officer to deny a teacher's request to voir dire the hearing officer when the hearing officer is employed by the same attorney firm that represents the school district. He would affirm the conclusion reached by the tenure commission.

1. SCHOOLS — ADMINISTRATIVE LAW — STATE TENURE COMMISSION.
   The State Tenure Commission is vested with the authority to evaluate the fairness of a hearing accorded a disciplined teacher by the controlling school board, as defined by the teacher tenure act (MCL 38.104; MSA 15.2004).

2. SCHOOLS — TENURED TEACHERS — DISCIPLINARY PROCEEDINGS — DUE PROCESS.
   A tenured teacher, in order to succeed with a due process challenge to disciplinary proceedings conducted before a controlling school board, must show actual bias in the proceedings or a risk or probability of unfairness that is too high to be constitutionally tolerable.

3. ADMINISTRATIVE LAW — ATTORNEY AND CLIENT — DUE PROCESS.
   The involvement of attorneys from the same firm in a single administrative proceeding, with one attorney acting in an advisory capacity and the other acting in a representative capacity, does not per se constitute a violation of due process of law.

4. SCHOOLS — ADMINISTRATIVE LAW — STATE TENURE COMMISSION — REINSTATEMENT — BACK PAY — APPEAL.
   The State Tenure Commission should neither order the reinstatement of nor award back pay to a discharged tenured teacher until it reaches a decision on the merits; should either party appeal the decision of the commission, an award of back pay or

an order of reinstatement will be held in abeyance pending the completion of all appeals.

*Clark, Hardy, Lewis, Pollard & Page, P.C.* (by *William G. Albertson*), for petitioner.

*Hiller, Larky & Hoekenga* (by *Steven J. Amberg*), for Scott Kurtz.

Before: M. J. KELLY, P.J., and HOOD and E. F. OPPLIGER,* JJ.

M. J. KELLY, P.J. The Plymouth-Canton Community School District appeals as of right from a circuit court order entered October 18, 1985, affirming a decision of the State Tenure Commission ordering the school district to reinstate a teacher and award back pay. The tenure commission relied on procedural grounds in reversing an order of the school board suspending Scott Kurtz without pay. Neither the tenure commission nor the circuit court reached the merits of the disciplinary action taken by the school board. We reverse and remand.

The case against Scott Kurtz commenced in November of 1982, when the superintendent of the Plymouth-Canton Community School District filed written charges with the Board of Education alleging that Kurtz had violated the school district's policy concerning the use of physical force against a student. By resolution of November 8, 1982, the board accepted the charges and commenced disciplinary proceedings pursuant to the teacher tenure act, MCL 38.71 *et seq.;* MSA 15.1971 *et seq.* Kurtz was provided with a copy of the charges, the board's resolution suspending him, and a notice of hearing.

Kurtz requested a private hearing, which com-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

menced on December 15, 1982. The board appointed attorney Dennis Pollard as hearing officer and granted him the authority to rule on motions and evidentiary matters, subject to the board's right to overrule any of his decisions. The board also expressly retained the exclusive authority to evaluate and judge the facts. The charging party, Plymouth-Canton Community School District, was represented by attorney William G. Albertson, who was a member of the same law firm as Pollard.

At the commencement of the hearing, Kurtz moved to voir dire hearing officer Pollard and members of the board of education and objected to the board's order vesting in the hearing officer the discretion to rule on procedural and evidentiary matters, subject only to a vote by the board. By order dated January 12, 1983, Pollard denied the motion to voir dire the hearing officer, denied the objections to the hearing procedures adopted by the board, and granted in part the motion to voir dire the members of the board.

During the hearing Kurtz and several other witnesses testified regarding an incident that occurred on October 22, 1982, between Kurtz and eleven-year-old John James. Kurtz discovered James in an unauthorized location and a scuffle ensued when Kurtz attempted to direct James to his classroom and then to the principal's office. The nature and the gravity of the scuffle were the subject of conflicting testimony.

At the close of the testimony, both parties submitted proposed findings of fact and conclusions of law. The board's deliberations were attended by Pollard, who answered questions on legal points and took notes which he later used to prepare a draft decision. The board issued its decision on February 21, 1983, in which it concluded that

Kurtz had violated school policy and had breached professional ethics by using excessive and unreasonable force against a student, causing physical injury. The board suspended Kurtz without pay for the balance of the 1982-83 school year and for the first semester of the 1983-84 school year.

Kurtz appealed the board's decision to the State Tenure Commission, claiming that the board had failed to comply with the due process requirement of MCL 38.101; MSA 15.2001 and that the record did not support the board's finding that he had used unreasonable force against John James. Kurtz' due process challenge was directed at appointment of Pollard as hearing officer when he and the attorney representing the school district were members of the same law firm and the fees of both attorneys were paid by the Plymouth-Canton Community School District.

At a hearing conducted before the tenure commission on April 25, 1983, the superintendent of schools testified that Pollard had been chosen to act as their attorney, even though the board members knew of his partnership in the school district attorney's law firm. Pollard testified about the decision-making procedures used by the board of education in regard to Scott Kurtz, explaining that he did not draft the charges against Kurtz but did advise the board about the legal ramifications of the charges. Pollard also provided the board with an overview of the disciplinary proceedings under the teacher tenure act.

The tenure commission issued its decision on November 8, 1984, finding that Kurtz' right to due process of law was violated by Pollard's mere presence at the board's deliberations. Concluding that the error could not be cured by the commission's de novo review and that Kurtz' reinstatement was mandated by the substantial procedural

error, the commission reversed the decision of the board and awarded Kurtz back pay.

The board petitioned for review in the Ingham Circuit Court pursuant to the provisions of the teacher tenure act. Following the circuit court hearing, the reviewing judge concluded that the commission's decision "that Mr. Kurtz did not receive a fair hearing was not a substantial and material error of law."

Neither the tenure commission nor the circuit court considered the sufficiency of the evidence establishing Kurtz' use of excessive and unreasonable force.

I

Initially, the board argues that the tenure commission lacked authority to evaluate whether the proceedings before the board conformed with principles of due process since that is a matter of constitutional interpretation reserved for the courts. We disagree. The Michigan Supreme Court has clearly held that the State Tenure Commission is vested with the authority to evaluate the fairness of the hearing accorded a disciplined teacher by the controlling school board, as defined by the controlling statute, MCL 38.104; MSA 15.2004. *Rehberg v Bd of Ed of Melvindale, Ecorse Twp School Dist No 11,* 345 Mich 731, 737; 77 NW2d 131 (1956); *Ferrario v Escanaba Bd of Ed,* 426 Mich 353, 373-380; 395 NW2d 195 (1986).

Our primary task on review, therefore, is to determine whether the circuit court erred in affirming the commission's conclusion that the school board had deprived Kurtz of his right to a fair hearing.

When the circuit court rendered its decision in this case, the Supreme Court had not yet released

its decision in *Ferrario, supra,* in which it articulated the test to be applied when evaluating a teacher's due process challenge to disciplinary proceedings conducted before a controlling school board. To succeed with a due process challenge, a tenured teacher must show actual bias in the proceedings or a risk or probability of unfairness that is too high to be constitutionally tolerable. 426 Mich 379-380. Application of the *Ferrario* test in this case imposes upon Kurtz the burden of showing (1) actual bias on the part of hearing officer Pollard because of his relationship with the charging party's attorney or (2) a risk or probability of biased decision-making that is so great as to be constitutionally intolerable. Kurtz has made no claim of actual bias; his brief in this appeal specifically states that he is not claiming that the hearing officer or the charging party's attorney acted unethically. Furthermore, neither the tenure commission nor the trial court based their decisions on actual bias. Therefore, the only inquiry is whether the risk or probability of bias was so great as to impermissibly taint the fairness of the proceedings.

A remarkably similar problem has been addressed by this Court in the context of Civil Service Commission proceedings. In *Golembiowski v Madison Heights Civil Service Comm,* 93 Mich App 137; 286 NW2d 69 (1979), the plaintiff contested his discharge from the Madison Heights Police Department and obtained a hearing before the Madison Heights Civil Service Commission. The attorney representing the city and the attorney advising the commission were members of the same law firm. We concluded that, absent some indication of bias, the mere fact that the two attorneys belonged to the same law firm did "not result in a constitutionally intolerable predica-

ment." 93 Mich App 143. We held, in *Golembiow-ski*, that the plaintiff was not denied his right to a due process hearing because of the involvement of attorneys from the same firm.

In *Niemi v Kearsley Bd of Ed,* 103 Mich App 818, 821-823; 303 NW2d 905 (1981), the attorney who regularly served as the controlling school board's advisor represented the charging party in disciplinary proceedings before the same board. In deciding whether this practice was inherently unfair, we recognized that the attorney's dual role of representing the charging party and advising the board carried with it the potential for prejudice, but concluded that the practice was not one that violated principles of due process per se. 103 Mich App 821-822.

We again decline to hold that the involvement of attorneys from the same firm in a single administrative proceeding, with one attorney acting in an advisory capacity and the other attorney acting in a representative capacity, per se constitutes a violation of due process of law. Since we find nothing in this particular record to otherwise substantiate Kurtz' claim of unfairness, we reverse the circuit court order as a matter of law. Pollard did not serve as a decision maker, as the controlling board retained the power to decide the case on the merits. Kurtz does not allege actual bias on the part of an individual board member or on the part of the board as a whole. There is no evidence to show that Pollard had a pecuniary interest in the outcome or is enmeshed in other matters involving the school district. *Crampton v Dep't of State,* 395 Mich 347, 351; 235 NW2d 352 (1975); *Ferrario, supra* at 374. We are persuaded that the decision of the tenure commission is affected by a substantial and material error of law and should

therefore be reversed. MCL 24.306(1)(f); MSA 3.560(206)(1)(f).

## II

Because the commission never reviewed the merits of the school board's disciplinary action, we remand for further decision on this aspect of Kurtz' appeal. We note that, after the commission's decision in this case, the Supreme Court expressly disapproved the practice of deciding a case on procedural grounds without addressing the merits of the school board's disciplinary action. *Ferrario, supra* at 383-386. Thus, even if we had concluded that Kurtz' due process rights had been violated, it would have been necessary under *Ferrario* to remand this case to the tenure commission for an evaluation of the merits of the disciplinary action taken. As explained in *Ferrario,* a school district cannot be forced to issue an award of back pay until it is established that the disciplined teacher suffered an unjust economic loss. 426 Mich 386.

Reversed and remanded.

Hood, J., concurred.

E. F. Oppliger, J. *(concurring in part and dissenting in part).* I concur in the majority's finding that the case be reversed and remanded in order that the commission can review the merits of the school board's disciplinary action.

However, I dissent from the majority opinion as it relates to the due process rights of Kurtz. Rudimentary due process contemplates a hearing before an impartial decision maker. It appears to me that it is repugnant to fairness and propriety that attorneys from the same law firm who are ap-

pointed by and paid by the same source, in this case the school board, represent both school board and the petitioner. I am therefore in favor of the adoption of a per se rule against situations in which the charging body and the factfinder are represented by attorneys who are from the same law firm.

Moreover, even accepting the majority's rule that "[t]o succeed with a due process challenge, a tenured teacher must show actual bias in the proceedings or a risk or probability of unfairness that is too high to be constitutionally tolerable," I conclude that reversal is required. The majority admits that the hearing officer, attorney Pollard, denied Kurtz' motion to voir dire Pollard. Thus, the hearing officer prevented Kurtz from establishing what the majority deems is necessary to uphold a due process challenge: actual bias or an intolerable risk of unfairness. Stated otherwise, it seems constitutionally intolerable to permit a hearing officer to deny a teacher's request to voir dire the hearing officer when the hearing officer is employed by the same attorney firm that represents the school district.

I would affirm the conclusion reached by the State Tenure Commission.