JEROME TOWNSHIP v MELCHI

Docket No. 112831. Submitted January 10, 1990, at Grand Rapids. Decided February 28, 1990.

Jerome Township brought an action in the Midland Circuit Court against James L. Melchi and others seeking to enjoin defendants from operating a commercial apiary established in 1979, conducting the retail sale of bee-related products and bait, and maintaining a stockade fence on adjoining parcels zoned residential under a Jerome Township ordinance enacted in 1965 when the parcels were used as a truck farm. Following a bench trial, the court, Tyrone Gillespie, J., issued a judgment denying the requested relief, but ordering defendants to conform their fence to plaintiff's ordinance. Plaintiff appealed and defendants cross appealed.

The Court of Appeals *held:*

1. The apiary, as an extension of the prior nonconforming use, constituted a nuisance per se that should have been abated by the trial court.

2. The Right to Farm Act does not preclude declaration of the apiary as a nuisance since the apiary was established after the change in zoning.

3. The trial court did not clearly err in finding that defendant's fence violated an ordinance of plaintiff relating to fences.

Affirmed in part and reversed in part.

1. ZONING — NONCONFORMING USES — CONTINUATION.

A land use which is lawful at the time of enactment of an ordinance may be continued even if the use is nonconforming under the new ordinance; however, the continuation of a nonconforming use must be substantially of the same size and same essential nature as the use existing at the time of passage of a valid zoning ordinance.

REFERENCES

Am Jur 2d, Zoning and Planning §§ 145, 147, 184, 185, 195, 196, 200, 201.

Keeping bees as nuisance. 88 ALR3d 992.

Construction and application of terms "agriculture," "farm," "farming," or the like, in zoning regulations. 97 ALR2d 702.

2. ZONING — NONCONFORMING USES — CHANGES IN USE — NUISANCE.

   A change in the nature and size of a nonconforming use is an extension of a prior nonconforming use and constitutes a nuisance per se.

3. AGRICULTURE — RIGHT TO FARM ACT — NUISANCE — ZONING.

   The Right to Farm Act, which provides that a farm or farm operation shall not be found to be a public or private nuisance if the farm or farm operation existed before a change in the land use or occupancy of surrounding land and if the farm or farm operation would not have been a nuisance before the change in land use or occupancy of surrounding land, affords no protection to a farm or farm operation which is established through the extension of a land use which was initially lawful but made nonconforming with the enactment of a zoning ordinance (MCL 286.473; MSA 12.122[3]).

*Sinclair & Poznak, P.C.* (by *Peter A. Poznak*), for plaintiff.

*Kole, Kole & Kole* (by *Michael J. Kole*), for defendants.

Before: MURPHY, P.J., and HOOD and NEFF, JJ.

PER CURIAM: Defendants are family members residing upon two adjacent parcels of land in Jerome Township. The property has been zoned residential since 1965. Prior to that year, the land was used for farming.

In 1979, defendant James Melchi captured a wild swarm of bees and established a commercial apiary on the property. Retail sale of bee by-products and bait was also conducted. It is undisputed that prior to 1979 no bees were maintained on the land. As of 1987, James Melchi had approximately 1,505,000 bees and had registered the apiary with the Michigan Department of Agriculture. In 1987, James Melchi replaced a split-rail fence around the property with a stockade fence.

Following complaints by neighbors, Jerome

Township filed suit against defendants claiming: (1) the apiary was an agricultural use inconsistent with land uses permitted under the residential classification and constituted a nuisance per se; (2) the retail sale of bee by-products and bait was not permitted under the residential classification; and (3) the stockade fence violated the Jerome Township Zoning Ordinance, § 11.05 A-5, which prohibits structures between the front and building lines except necessary highway or traffic signs and open fences through which there is clear vision. Plaintiff sought permanent injunctive relief.

Following a bench trial, the court issued a written opinion dated August 8, 1988. The court upheld defendants' maintenance of the apiary and retail sales. With respect to the fence, the court stated:

> While only slightly (16 feet) exceeding the ordinance requirements [the fence] can be made to comply with the ordinance with little effort and no damage to the defendant and an order may be entered mandating compliance.

Subsequently, plaintiff filed a motion for a new trial or an amendment of the judgment. The trial court denied the motion and on October 19, 1988, entered a judgment pursuant to its August 8, 1988, opinion, (1) refusing plaintiff injunctive relief as to defendants' apiary and retail sales, and (2) granting plaintiff injunctive relief as to defendants' stockade fence.

Plaintiff appeals as of right the court's decision regarding the apiary and defendants cross appeal the decision as to the fence.

I

Plaintiff argues that defendants' land could not

be developed for agricultural use except to the extent that such use existed prior to 1965 (when plaintiff's zoning ordinance was enacted). Defendants' apiary did not exist prior to 1965. Therefore, under the township rural zoning act, MCL 125.271 *et seq.*; MSA 5.2963(1) *et seq.*, defendants' apiary should have been eliminated as a nuisance per se.[1] We agree.

It is the policy of this state and a goal of zoning that uses of property not conforming to municipal zoning ordinances be gradually eliminated. *Madison Hgts v Manto,* 359 Mich 244, 248-249; 102 NW2d 182 (1960). As stated by the panel in *Norton Shores v Carr,* 81 Mich App 715, 720; 265 NW2d 802 (1978), lv den 403 Mich 812 (1978):

> Expansion of a nonconforming use is severely restricted. One of the goals of zoning is the eventual elimination of nonconforming uses, so that growth and development sought by ordinances can be achieved. Generally speaking, therefore, nonconforming uses may not expand. . . . The policy of the law is against the extension or enlargement of nonconforming uses, and zoning regulations should be strictly construed with respect to expansion. [Citations omitted.]

Despite this policy, a use which is lawful at the time of the enactment of an ordinance may be continued even if the use is nonconforming under the new ordinance. MCL 125.286(1); MSA 5.2963(16)(1). However, the continuation of a nonconforming use must be substantially the same size and same essential nature as the use existing at the time of passage of a valid zoning ordinance. *Norton Shores v Carr, supra,* p 720; *Dearden v Detroit,* 70 Mich App 163, 169; 245 NW2d 700

[1] See also plaintiff's zoning ordinance §§ 11.05 and 16.01.

(1976), quoting *White Lake Twp v Lustig,* 10 Mich App 665, 674; 160 NW2d 353 (1968). A change in the nature and size of a nonconforming use is an extension of a prior nonconforming use and constitutes a nuisance per se. *Norton Shores, supra,* p 722.

In the instant case, plaintiff's zoning ordinances, enacted in 1965, zoned defendants' property residential. At that time, defendants' land was used for farming (strawberries, tomatoes, raspberries, beets, corn and pickles). It was undisputed that prior to 1965 defendants had not operated an apiary on the property. Therefore, establishment of the apiary was a change in the nature of the nonconforming use (farming) that existed at the time plaintiff's ordinance was enacted. Thus, the apiary constituted an extension of the prior nonconforming use and was a nuisance per se that should have been abated by the trial court. *Norton Shores, supra;* MCL 125.294; MSA 5.2963(24).

However, our analysis does not end here because defendants contend that the Michigan Right to Farm Act, MCL 286.471 *et seq.;* MSA 12.122(1) *et seq.,* protected their apiary from being enjoined as a nuisance per se.

The Right to Farm Act provides in pertinent part:

   (1) A farm or farm operation shall not be found to be a public or private nuisance if the farm or farm operation alleged to be a nuisance conforms to generally accepted agricultural and management practices according to policy as determined by the state agriculture commission. Generally accepted agricultural and management practices shall be reviewed annually by the state agriculture commission and revised as considered necessary.
   (2) A farm or farm operation shall not be found to be a public or private nuisance *if the farm or*

*farm operation existed before a change in the land use* or occupancy of land within 1 mile of the boundaries of the farm land, and if before that change in land use or occupancy of land, the farm or farm operation would not have been a nuisance. [Emphasis added. MCL 286.473; MSA 12.122(3).]

Defendants' maintenance of an apiary on the property constituted a farm or farm operation for purposes of the Right to Farm Act. See MCL 286.472(a),(b) and (c); MSA 12.122(2)(a),(b) and (c). However, defendants' apiary did not exist prior to the 1965 enactment of plaintiff's zoning ordinances (i.e., prior to the change in the land use). Therefore, defendants seek protection of a farm operation established *after* a change in plaintiff's zoning requirements. Such protection is not contemplated by the Right to Farm Act, MCL 286.473(1) and (2); MSA 12.122(3)(1) and (2). The trial court erred in denying plaintiff injunctive relief as to defendants' apiary.

II

Defendants argue on cross appeal that plaintiff applied the zoning ordinance (§ 11.05 A-5) to defendants' fence in a discriminatory manner. Specifically, defendants assert that other nonconforming structures exist and plaintiff has not enforced the ordinance to eliminate them. Therefore, plaintiff should be barred from enforcing § 11.05 A-5 against defendants.

Photographs of the stockade fence were entered as exhibits and the trial judge personally viewed the fence. The judge found that the fence interfered with clear visibility in violation of § 11.05 A-5. After reviewing the record, we believe that this finding of fact by the trial court was not clearly erroneous and decline reversal. MCR 2.613(C). In

any event, we believe that defendants' discriminatory enforcement claim is meritless.

### III

In light of the above conclusions, we reverse the trial court's judgment denying plaintiff injunctive relief as to the apiary, but affirm the court's judgment granting plaintiff relief as to the fence.

Affirmed in part and reversed in part.