CITY OF TROY v PAPADELIS (ON REMAND)

Docket No. 204071. Submitted June 18, 1997, at Lansing. Decided October 21, 1997, at 9:10 A.M. Leave to appeal sought.

The City of Troy brought an action in the Oakland Circuit Court against Gust and Niki Papadelis, alleging a nuisance arising from, and seeking an injunction against, the defendants' continued use of residentially zoned adjacent parcels in the operation of a commercial greenhouse and garden center. The parcels are in an area that was farmed before it was zoned for residential use. The parties stipulated that the south parcel, on which the greenhouse is located, constitutes a valid nonconforming use and that a portion of the north parcel, on which the defendants' residence is located, has been, and continues to be, used in the defendants' business. The court, Jessica R. Cooper, J., denied the requested injunction, ruling that the plaintiff is bound by its stipulation that use of the greenhouse parcel constitutes a valid nonconforming use, that the defendants have a right to operate the greenhouse and nursery under the Right to Farm Act (RTFA), MCL 286.471 et seq., MSA 12.122(1) et seq., and that the plaintiff is barred by laches from seeking an injunction against commercial activity on the residential parcel. The Court of Appeals, DOCTOROFF, C.J., and McDONALD and J. B. SULLIVAN, JJ., in an unpublished opinion per curiam, issued May 10, 1996 (Docket No. 172026), affirmed the trial court's decision regarding the greenhouse parcel, but reversed with respect to the residential parcel, holding that the expansion of the nursery business into the residential parcel is not protected by the RTFA because it occurred after the zoning ordinance was adopted, and that laches does not apply as a defense in the absence of irreparable harm to the defendants from the plaintiff's failure to act more quickly in enforcing the zoning ordinance. The Supreme Court, in lieu of granting leave to appeal, vacated the judgment of the Court of Appeals and remanded the case to the Court of Appeals for reconsideration in light of the amendment of the RTFA effectuated by 1995 PA 94. 454 Mich 909 (1997).

On remand, the Court of Appeals held:

1. The defendants' nonconforming use of the greenhouse parcel may continue in light of the parties' stipulation and evidence indi-

cating that the parcel has been used for farming, greenhouse, and nursery purposes since before the zoning for residential use.

2. The defendants' nonconforming use of the residential parcel cannot be deemed to be a valid nonconforming use in light of evidence indicating that commercial activity on that parcel did not exist before the adoption of the zoning ordinance.

3. The RTFA, by its express terms, does not affect the application of the County Rural Zoning Enabling Act and the Township Rural Zoning Act. MCL 286.474; MSA 12.122(4). Accordingly, the RTFA is not available as a defense in this action brought to enforce a zoning ordinance.

4. Laches is not available as a defense for the defendants. The defendants did not establish a lack of due diligence on the part of the plaintiff that resulted in prejudice to the defendants.

Affirmed in part and reversed in part.

1. ZONING — NONCONFORMING USES — CONTINUATION.

A land use that was lawful until the enactment of a zoning ordinance that makes the use nonconforming under the ordinance may be continued but not expanded.

2. ZONING — RIGHT TO FARM ACT.

The Right to Farm Act does not affect the application of statutes, including, but not limited to, the County Rural Zoning Enabling Act and the Township Rural Zoning Act, and therefore does not provide a defense to actions for the enforcement of ordinances pursuant to those zoning acts (MCL 125.202 *et seq.*, 125.271 *et seq.*, 286.474; MSA 5.2961[2] *et seq.*, 5.2963[1] *et seq.*, 12.122[4]).

3. EQUITY — LACHES.

A defendant who asserts laches must prove a lack of due diligence on the part of the plaintiff resulting in prejudice to the defendant.

*John J. Martin, III,* for the plaintiff.

*Hutson, Sawyer, Chapman & Reilly* (by *Thomas G. Sawyer*), for the defendants.

ON REMAND

Before: DOCTOROFF, P.J., and MCDONALD and BAND-STRA, JJ.

Per Curiam. We review this case on remand from the Supreme Court. The trial court denied plaintiff's request for an injunction and abatement of defendants' farming activities on their residentially zoned property in Troy. Relying in part on the Right to Farm Act (RTFA), MCL 286.471 *et seq.*; MSA 12.122(1) *et seq.*, this Court, in an unpublished opinion per curiam, issued May 10, 1996 (Docket No. 172026), affirmed in part and reversed in part. The Supreme Court, in lieu of granting leave to appeal, vacated our judgment and remanded this case for reconsideration in light of the amendment of the RTFA effectuated by 1995 PA 94. 454 Mich 909 (1997).

The facts, as set forth in our earlier opinion, are as follows:

> Defendants are the owners of two adjoining parcels of land located on John R Road. The area, which had been farmed for many years, was zoned for residential use in 1956. Defendants purchased the north parcel (the residential parcel) in 1974, and purchased the south parcel (the greenhouse parcel) in 1977 or 1978. Defendant's [sic] residence is located on the residential parcel and a greenhouse nursery is located on the greenhouse parcel. In May of 1991, plaintiff filed a complaint seeking preliminary injunctive relief against certain uses which defendants were making of their property. The trial court denied plaintiff's request and this Court denied leave to appeal. Plaintiff renewed its motion, and the matter proceeded to a full hearing.
>
> Prior to trial, the parties stipulated to certain facts, including that the greenhouse nursery was a legal nonconforming use and that defendants have utilized the southerly portion of the residential parcel for the storage, growing and display of flowers, plants, perennials and shrubs since 1978. At trial, defendant Gust Papadelis testified that, in 1980, he received permission from the Zoning Board of Appeals to build a pole barn, and in 1988 he received per-

mission to build a new greenhouse to replace seven dilapi-
dated greenhouses on the greenhouse parcel. The new
greenhouse was approximately 4000 square feet larger than
the variance granted by plaintiff. Subsequent to a widening
of John R in 1988, defendants constructed a parking lot on
the residential parcel.

When defendants purchased the residential parcel in
1974, there was an apple orchard on the property. The
orchard had "always . . . been" there, and defendants either
sold or gave away the apples. There was testimony that the
greenhouse parcel was farmed from 1939 to 1976. During
that time produce was both sold from the parcel and
trucked to market, and greenhouses and cold frames were
added to the parcel. Since defendant's [sic] acquisition of
the greenhouse parcel, the greenhouse business had grown
from a few hundred or thousand dollars a year to close to a
million dollars a year.

In denying plaintiff's request for injunction and abate-
ment of nuisance, the trial court found: that plaintiff was
bound by its stipulation, made in the initial action for a pre-
liminary injunction, that defendants' greenhouse and nurs-
ery operation was a valid and legal nonconforming use of
the greenhouse parcel; that defendants had a right to con-
duct their greenhouse and nursery operation under the
Right to Farm Act, MCL 286.471 *et seq.*; MSA 12.122(1) *et
seq.* (RTFA); that the cold frames and shade covers used to
protect plants on defendants' property were permitted tem-
porary structures under both the State Construction Code,
MCL 125.1502(2); MSA 5.2949(2)(2) and the Right to Farm
Act; and that plaintiff was barred by laches from enjoining
defendants from storing or growing agricultural items or
parking on the residential property.

In our previous opinion, this Court affirmed the
trial court's decision regarding the greenhouse parcel.
We found that plaintiff was bound by its stipulation
that defendants' use of the greenhouse property was
a legal nonconforming use. This Court also found that
defendants' goods constituted "farm products" under

the RTFA, and, thus, the statute protected the operation.

However, with regard to the residential property, we found that defendants had no right to violate the zoning ordinance because "the expansion of the nursery business onto the residential parcel occurred after the zoning ordinance was enacted and therefore is not protected by the RTFA." In addition, we found that defendants' affirmative defense of laches did not apply because

> notwithstanding the improvements made by defendants to the properties, there are no exceptional circumstances such that the residential parcel should be excluded from the zoning restrictions. Defendants have not been irreparably harmed by those improvements, and could have avoided any detriment by seeking a variance as to the use of the residential parcel. Their nonconforming use cannot be shielded by plaintiff's failure to take action more quickly.

After this Court issued its opinion, defendants appealed to the Michigan Supreme Court, arguing that this Court erred in finding that defendants could not continue to use the residential parcel for parking and other nursery-related uses. Defendants claimed that, since the time they filed the appeal in this Court, the RTFA had been amended to provide greater protection to farming operations. In light of the amendment of MCL 286.472; MSA 12.122(2), 1995 PA 94, the Supreme Court vacated our earlier decision and remanded the case to this panel for reconsideration. Because our entire opinion in the earlier decision was vacated, the law of the case doctrine does not apply, and we must reconsider each issue. *Hill v Ford Motor Co*, 183 Mich App 208, 212; 454 NW2d 125 (1989).

We first consider plaintiff's argument that defendants' use of their property for a nursery should be enjoined as a nuisance per se because it does not conform with the city's zoning regulations. A nonconforming use of land that lawfully existed before the enactment of a zoning ordinance and that is maintained after the effective date of the ordinance will be allowed to continue, even though it does not comply with the applicable restrictions. See *Jerome Twp v Melchi*, 184 Mich App 228, 231; 457 NW2d 52 (1990). Generally speaking, nonconforming uses may not expand, and one of the goals of zoning is that nonconforming uses be gradually eliminated. *Id.*

Initially, we note that plaintiff stipulated that the nursery operation on the greenhouse parcel was a legal nonconforming use. Plaintiff also stipulated that the residential property had been used for nursery purposes since 1978. Although plaintiff moved to set aside this stipulation, it cites no authority for its apparent position that the trial court erred in denying the motion. A party may not leave it to this Court to search for authority to sustain or reject its position. *Hover v Chrysler Corp*, 209 Mich App 314, 319; 530 NW2d 96 (1994). In addition, a stipulation is given full force and effect and is binding upon the parties unless abandoned or disaffirmed. *Nuriel v Young Women's Christian Ass'n of Metropolitan Detroit*, 186 Mich App 141, 147; 463 NW2d 206 (1990).

In this case, plaintiff stipulated that the business operation on the greenhouse parcel was a valid nonconforming use, and the evidence indicated that the land had been used for farming, greenhouse, and nursery purposes since before the area was zoned for residential use in 1956. Accordingly, we affirm the

trial court's finding that defendants' operation of a nursery on the southern parcel may continue as a valid nonconforming use.

A closer question involves defendants' use of the residential parcel for the operation of the nursery, including the storage and display of farm products and the parking of customer and employee automobiles. The evidence indicated that there had been no commercial activity on the residential parcel before 1974, when defendants purchased it. Because the use of the residential parcel did not exist before the enactment of the zoning ordinance, it is not a valid nonconforming use. See *Jerome Twp, supra* at 231.

Defendants argue that the RTFA protects their business. The RTFA states that a farm or farm operation that conforms to "generally accepted agricultural and management practices" shall not be found to be a public or private nuisance. MCL 286.473; MSA 12.122(3). However, MCL 286.474; MSA 12.122(4) specifically provides that the RTFA "does not affect the application of state statutes and federal statutes," including but not limited to the County Rural Zoning Enabling Act, MCL 125.202-125.232; MSA 5.2961(2)-5.2961(32), and the Township Rural Zoning Act, MCL 125.271-125.301; MSA 5.2963(1)-5.2963(31). Because this cause of action was filed to enforce a zoning ordinance, the RTFA is not a defense to this action. See *Village of Peck v Hoist,* 153 Mich App 787, 791; 396 NW2d 536 (1986).

Defendants also argue that plaintiff is barred by laches from enforcing the ordinance against them. The application of the doctrine of laches requires the passage of time combined with a change in condition that would make it inequitable to enforce the claim

against defendants. *Sedger v Kinnco, Inc*, 177 Mich App 69, 73; 441 NW2d 5 (1988). In determining whether a party is guilty of laches, each case must be determined on its own particular facts. *Id.* The defendant must prove a lack of due diligence on the part of the plaintiff resulting in some prejudice to the defendant. *Badon v General Motors Corp*, 188 Mich App 430, 436; 470 NW2d 436 (1991).

Defendants presented testimony that Carl Debrewick, a building inspector for plaintiff, frequently visited the property and was aware that the residential parcel was being used to park cars from as early as 1988. Nevertheless, plaintiff did not file this action to enforce the zoning ordinance until May 1991. Therefore, defendants have demonstrated a lack of due diligence on the part of plaintiff. However, a lack of due diligence alone is not sufficient. The defense of laches does not apply unless the delay of one party has resulted in prejudice to the other party. *Tomczik v State Tenure Comm*, 175 Mich App 495; 438 NW2d 642 (1989). "It is the effect, rather than the fact, of the passage of time that may trigger the defense of laches." *Great Lakes Gas Transmission Co v MacDonald*, 193 Mich App 571, 578; 485 NW2d 129 (1992). Defendants have not demonstrated any prejudice that has resulted from plaintiff's delay in bringing this action to enjoin the use of the residential parcel as a parking lot for defendants' business. Although the evidence indicates that defendants paved part of their residential property to provide parking for the greenhouse business, there is no indication in the record that this action was taken in reliance on plaintiff's failure to initiate suit earlier. See *Citizens Ins Co of America v Buck*, 216 Mich App

217, 228; 548 NW2d 680 (1996).    Therefore, the
defense of laches does not apply.

Affirmed in part and reversed in part. Remanded
for entry of an order enjoining the commercial use of
the northern parcel. No taxable costs pursuant to
MCR 7.219,  neither party having prevailed in full. We
do not retain jurisdiction.