# Order

Michigan Supreme Court
Lansing, Michigan

June 29, 2007

132366 & (65)(69)

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

GUST PAPADELIS, NIKI PAPADELIS,
TELLY'S GREENHOUSE AND GARDEN
CENTER, INC., and TELLY'S NURSERY LLC,
      Plaintiffs-Appellees/
      Cross-Appellants,

v

CITY OF TROY, MARK STIMAC, and
MARLENE STRUCKMAN,
      Defendants-Appellants/
      Cross-Appellees.

SC: 132366
COA: 268920
Oakland CC: 2005-067029-CZ

_____/

On order of the Court, the motion for leave to file brief amicus curiae is GRANTED. The application for leave to appeal the September 19, 2006 judgment of the Court of Appeals and the application for leave to appeal as cross-appellants are considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we REVERSE in part the judgments of the Oakland Circuit Court and the Court of Appeals to the extent that they hold that the Right to Farm Act, MCL 286.471 et seq. (RTFA), and the State Construction Code, MCL 125.1502a(f), exempt the plaintiffs from the defendant city's ordinances governing the permitting, size, height, bulk, floor area, construction, and location of structures used in the plaintiffs' greenhouse operations. Assuming that the plaintiffs' acquisition of additional land entitled them under the city's zoning ordinance to make agricultural use of the north parcel (a point on which we express no opinion, in light of the defendant city's failure to exhaust all available avenues of appeal from that ruling after the remand to the Oakland Circuit Court in the prior action, see *City of Troy v Papadelis (On Remand)*, 226 Mich App 90 (1997)), the plaintiffs' structures remain subject to applicable building permit, size, height, bulk, floor area, construction, and location requirements under the defendant city's ordinances. The plaintiffs' greenhouses and pole barn are not "incidental to the use for agricultural purposes of the land" on which they are located within the meaning of MCL 125.1502a(f). As no provisions of the RTFA or any published generally accepted agricultural and

management practice address the permitting, size, height, bulk, floor area, construction, and location of buildings used for greenhouse or related agricultural purposes, no conflict exists between the RTFA and the defendant city's ordinances regulating such matters that would preclude their enforcement under the facts of this case. We REMAND this case to the Oakland Circuit Court for further proceedings not inconsistent with this order. In all other respects, the applications are DENIED, because we are not persuaded that the remaining questions presented should be reviewed by this Court.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

June 29, 2007

Clerk

p0626