*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

TOWNSHIP OF CHAMPION,

      Plaintiff-Appellant,

v

ROY PASCOE and GARY LAITALA,

      Defendants-Appellees.

UNPUBLISHED
July 18, 2019

No. 344609
Marquette Circuit Court
LC No. 17-055877-CE

Before: SAWYER, P.J., and BORRELLO and SHAPIRO, JJ.

PER CURIAM.

In this action to enjoin a zoning ordinance violation, plaintiff Champion Township appeals the circuit court's order granting defendants Roy Pascoe and Gary Laitala summary disposition under MCR 2.116(C)(4) (lack of subject-matter jurisdiction). For the reasons stated below, we reverse and remand for further proceedings consistent with this opinion.

## I. BACKGROUND

At all times relevant to this dispute, the property at issue has been zoned for residential use. The local school district previously operated a school on the property pursuant to a lease. In 1984, the former owner of the property obtained a permit for a Class A nonconforming use that allowed the school to remain as it existed at the time of the application. The approved nonconforming use also extended to the structure of the school building and a bus garage on the property.

Pascoe purchased the property in 1995. In 2013, he leased some or all of the property to Laitala for operation of Laitala Excavating. In the fall of 2016, plaintiff's Zoning Administrator issued notices of zoning violations to defendants for operating a commercial business in a residential area. Plaintiff filed a complaint in the circuit court in July 2017, requesting injunctive relief. Defendants admitted that Laitala operated Laitala Excavating on the property, but maintained that this was consistent with the prior nonconforming use allowed by the 1984 permit. Plaintiff responded that defendants' use of the property improperly extended and enlarged the prior nonconforming use.

Defendants also asserted that Pascoe had attempted to clarify the scope of the nonconforming use, but his efforts to have the Planning Commission hold a public hearing and issue a decision were blocked by the Zoning Administrator. In response, plaintiff noted that Pascoe's application to "change" the nonconforming use designation was returned to Pascoe multiple times for providing incomplete information.

Defendants moved to adjourn the two-day bench trial on plaintiff's complaint, arguing that the matter was not ripe for judicial review because the Planning Commission had not held a hearing and rendered a final decision on the use of the property. Plaintiff filed a motion for summary disposition under MCR 2.116(C)(9), contending that defendants failed to state a valid defense. The circuit court agreed with defendants and ruled that it lacked subject-matter jurisdiction. The court reasoned that the matter was not ripe for judicial review because the Planning Commission had not rendered a final decision on the use of the property.

## II. DISCUSSION

Plaintiff argues that the circuit court erred by concluding that it lacked subject-matter jurisdiction. We agree.[1]

"Subject-matter jurisdiction concerns a body's abstract power to hear a case of the kind or character of the one pending, and is not dependent on the particular facts of the case." *In re Complaint of Pelland*, 254 Mich App 675, 682; 658 NW2d 849 (2003). Circuit Courts have original jurisdiction over all civil claims and remedies except where the constitution or a statute provides otherwise. MCL 600.605. The Revised Judicature Act, MCL 600.101 *et seq.*, grants circuit court's jurisdiction over nuisance-abatement actions and the authority to issue injunctive relief. MCL 600.2940(1). The Michigan Zoning Enabling Act, MCL 125.3101 *et seq.*, provides that use of land in violation of a zoning ordinance is a "nuisance per se" and that "[t]he court shall order the nuisance abated . . . ."

Given those statutory provisions, circuit courts plainly have jurisdiction to enforce zoning ordinances. This includes disputes regarding the expansion of prior nonconforming uses.[2] "Generally speaking, nonconforming uses may not expand, and one of the goals of zoning is that nonconforming uses be gradually eliminated." *City of Troy v Papadelis (On Remand)*, 226 Mich App 90, 95; 572 NW2d 246 (1997). "The policy of the law is against the extension or

---

[1] We review de novo questions of subject-matter jurisdiction. *Citizens for Common Sense in Gov't v Attorney General*, 243 Mich App 43, 49-50; 620 NW2d 546 (2000). "Questions regarding ripeness are also reviewed de novo." *King v Mich State Police Dep't*, 303 Mich App 162, 188; 841 NW2d 914 (2013).

[2] Indeed, extending or enlarging an approved nonconforming use is itself a violation of plaintiff's zoning ordinance. See Champion Township Zoning Ordinance, § 903(A) ("No Class A Nonconforming Use shall be enlarged or increased, or extended . . . ."); § 903(B) ("No Class A Nonconforming Use shall be changed to another nonconforming use, except with approval of the Planning Commission . . . .").

enlargement of nonconforming uses, and zoning regulations should be strictly construed with respect to expansion." *Edw C Levy Co v Marine City Zoning Bd of Appeals*, 293 Mich App 333, 342; 810 NW2d 621 (2011). "[E]xtensions or expansions of prior nonconforming uses can be abated as a nuisance per se." *Kopietz v Zoning Bd of Appeals for the City of the Village of Clarkston*, 211 Mich App 666, 675; 535 NW2d 910 (1995).

The circuit court did not conclude otherwise, but determined that it lacked jurisdiction over this case under the ripeness doctrine, which "precludes adjudication of a hypothetical or contingent claim before an actual injury is incurred." *People v Bosca*, 310 Mich App 1, 57; 871 NW2d 307 (2015). "A claim is not ripe if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Huntington Woods v Detroit*, 279 Mich App 603, 615-616; 761 NW2d 127 (2008) (quotation marks and citation omitted).

Plaintiff's claim is not contingent upon future events. Rather, it alleges that defendants are presently violating the ordinance. That claim is ripe for review notwithstanding that the Planning Commission *may* take action on the property in the future that will remedy the alleged violation. The Michigan Supreme Court reached a similar conclusion in *City of Hillsdale v Hillsdale Iron & Metal Co*, 358 Mich 377, 384; 100 NW2d 467 (1960), which involved the expansion of a valid nonconforming use:

> Defendant says the city, before bringing this suit to enjoin violation of the ordinance, must exhaust its administrative remedies by appeal to the board of zoning appeals, which, by provisions of the ordinance, has power to vary its terms in order to avoid unnecessary hardships to the property owner. Here defendant had sought no such variance. The city desired none. The object of the city was to have the ordinance enforced, not varied. That required no previous proceeding before the board to consider a possible variance.

The same reasoning applies with equal force to this case. Plaintiff may seek abatement of zoning ordinance violations through the court. Champion Township Zoning Ordinance, §1303(b)(3). It has no obligation to ask the Planning Commission for clarification or alteration of the nonconforming use. Pascoe submitted an application requesting that relief, but the Zoning Administrator rejected it for a lack of information.[3] So there is no pending application before the Planning Commission. In any event, plaintiff is not required to wait for a property owner to obtain a ruling from the Planning Commission before it can enforce the zoning ordinance. For those reasons, the doctrine of ripeness does not preclude litigation of plaintiff's claim. On remand, the circuit court shall rule on plaintiff's motion for summary disposition under MCR 2.116(C)(9). See *Stanke v State Farm Mut Auto Ins Co*, 200 Mich App 307, 325; 503 NW2d 758 (1993) ("It would be imprudent for this Court to address the merits of [a summary disposition motion] without first affording the trial court an opportunity to do so.").

---

[3] The zoning ordinance requires that a nonconforming use application contain "all required information" before the Zoning Administrator is required to refer it to the Planning Commission. Champion Township Zoning Ordinance, § 902.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ David H. Sawyer
/s/ Stephen L. Borrello
/s/ Douglas B. Shapiro